**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2248-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

NAJEE KELSEY,

     Defendant-Appellant.

_____

Submitted December 10, 2018 – Decided  December 26, 2018

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 09-06-1557.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Najee Kelsey appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing.  In 2010, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); and second-degree burglary, N.J.S.A. 2C:18-2.   We affirmed his convictions but remanded the matter to the Law Division to correct the judgment of conviction (JOC) and resentence defendant on the burglary charge.   State v. Kelsey, No. A-3891-13 (App. Div. June 13, 2016).  The Supreme Court denied defendant's petition for certification.  Kelsey, 227 N.J. 384 (2016).  The judge resentenced defendant on January 11, 2017, and entered an amended JOC on January 20, 2017, that imposed an aggregate sixty-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On October 26, 2016, more than five years after entry of the original JOC, defendant filed a pro se PCR petition.  Appointed PCR counsel filed a brief alleging trial counsel provided ineffective assistance (IAC), along with a supplemental certification by defendant.   The verified petition for PCR identified four specific grounds supporting the IAC claims, namely, counsel failed to: 1) communicate adequately with defendant; 2) provide and review discovery with defendant; 3) adequately represent defendant during plea

2

negotiations; and 4) make pertinent objections to the prosecutor's opening statement and summation at trial.

In an undated certification, defendant alleged his family had retained trial counsel but was only able to pay one-half of the quoted fee. Defendant stated, "When it became clear no further funds were coming, [counsel] treated my case very differently . . . . He communicated with me less[,] . . . became less invested" and "stopped diligently working on my case." Defendant claimed counsel never reviewed discovery with him.

In addition, defendant said that during his interrogation, police officers told him "this was a passion/provocation case." Defendant believed them, and counsel told defendant that would be a successful defense at trial because "the police agreed that was what had occurred." Defendant said he was surprised at trial when the detective admitted he "lied" to defendant; trial counsel never told him "about this major flaw in our defense strategy."

Finally, defendant alleged he was never told what "felony murder was" or how that charge could affect his trial strategy. He claimed that he would have considered accepting a plea bargain to "a much more significant sentence had [he] been aware of the full picture." If he knew the police could "lie," saw the

3

evidence against him by reviewing discovery, and understood the concept of "felony murder," defendant would not have gone to trial.

In an oral opinion, the PCR judge, who was not the trial judge, denied the petition. She concluded that defendant failed to produce any evidence to support his IAC claim other than "bald assertions" regarding lack of communication or failure to review discovery. The judge reasoned that the only documentary evidence regarding plea negotiations was the State's offer that defendant accept an "open plea to first[-]degree murder"; there was no other evidence that a better plea bargain was ever offered. She referenced the strength of the State's case, including "the concession [by defendant] of the killing with the argument being [only the] method of how it occurred . . . ." Lastly, the judge concluded defendant's claims about trial counsel's failure to lodge timely objections was "addressed on appeal." The judge entered an order denying the PCR petition and this appeal followed.

Defendant raises the same four contentions in support of his IAC claim as he did in the Law Division.[1] Initially, although the State never asserted the

---

[1] Defendant also filed a pro se supplemental brief. It is difficult to discern the arguments he raises, although they appear to involve legal challenges to pre-trial and trial proceedings, as well as an assertion of "entrapment." The issues are not appropriate for post-conviction relief, Rules 3:22-4 and -5, and otherwise lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

argument before the PCR court or before us, the petition was time-barred and defendant failed to demonstrate the delay was caused by excusable neglect. Rule 3:22-3 provides that a PCR petition may not be filed while appellate review is pending. However, our courts have uniformly held that appellate review does not toll the five-year time bar in Rule 3:22-12, State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986), nor is the time bar extended when appellate proceedings result in a remand. State v. Dugan, 289 N.J. Super. 15, 17-18 (App. Div. 1996). Rule 3:22-6A(2) specifically provides for the dismissal without prejudice of a PCR petition, which has been filed while direct appeal is pending. When such a dismissal occurs a new ninety-day filing period commences after entry of the judgement on direct appeal. The PCR judge did not have the benefit of our recent opinion in State v. Brown, where we held:

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the [JOC], . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [455 N.J. Super. 460, 470 (App. Div. 2018).]

Here, there was no "competent evidence" demonstrating any excusable neglect for the delay in filing the PCR petition, and the PCR judge should have properly dismissed the petition without considering its merits.

Since the timeliness issue was never raised or briefed, we consider the PCR judge's ruling on the merits and affirm substantially for the reasons expressed in her oral opinion. We add only the following.

To establish a viable IAC claim, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). Additionally, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52).

Simply put, there is no evidence supporting defendant's bald assertions that trial counsel failed to communicate with him or review discovery. See State v. Porter, 216 N.J. 343, 355 (2013) (a defendant's PCR petition must contain

"specific facts and evidence supporting his allegations"). There is no support for the claim regarding a fee dispute between defendant's family and trial counsel, or that counsel's performance became less zealous as a result.

Likewise, regarding plea negotiations, the State's only documented offer was an "open plea" to murder, which likely was premised upon the strength of the State's case. As we noted in our prior opinion, the jury saw defendant's videotaped confession wherein he admitted choking the victim. Kelsey, slip op. at 5. In that statement, in an attempt to secure defendant's cooperation, the police suggested to defendant that his actions might support a passion/provocation defense, and, in fact, the judge charged the jury with passion/provocation manslaughter as a lesser-included offense. Id. at 7-8. The jury rejected that option.

In short, there is nothing that lends credence to defendant's claim that trial counsel's ineffective assistance resulted in defendant's failure to comprehend the gravity of the charges against him and the strengths or weaknesses of potential defenses available. There is no evidence that the State ever offered a more favorable plea bargain, much less that defendant rejected the offer because of counsel's ineffectiveness.

Lastly, we addressed the prosecutor's unfortunate comments in our prior opinion and concluded they did not compel reversal. Id. at 12-13. However, that alone does not foreclose consideration of the issue in the context of a PCR petition alleging IAC. See State v. Allen, 398 N.J. Super. 247, 257 n.8 (App. Div. 2008) (recognizing the difference in some cases between issues "framed on direct appeal and as presented now in the context of [IAC]"). Nonetheless, assuming arguendo counsel's failure to lodge a timely objection at trial when the comments occurred evinces deficient performance, there is no "reasonable probability" that it affected the outcome. Fritz, 105 N.J. at 58.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION