289 N.J. Super. 15 (1996)
672 A.2d 1240
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DANIEL DUGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1996.
Decided March 20, 1996.
*17 Before Judges PETRELLA, SKILLMAN and P.G. LEVY.
Susan Reisner, Public Defender, attorney for appellant (Jean M. Hartmann, Designated Counsel, of counsel and on the brief).
Deborah T. Poritz, Attorney General, attorney for respondent (Arthur S. Safir, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
A jury found defendant guilty under one indictment of armed robbery, in violation of N.J.S.A. 2C:15-1, and a second jury found defendant guilty under a separate indictment of receiving stolen property, in violation of N.J.S.A. 2C:20-7. On March 13, 1987, the court sentenced defendant as a persistent offender to an extended term of life imprisonment, with twenty years of parole ineligibility, for the armed robbery. On June 5, 1987, the court also sentenced defendant as a persistent offender to an extended term of ten years imprisonment, with five years of parole ineligibility, for receiving stolen property, to be served consecutively to his sentence for armed robbery.
On appeal, we affirmed both of defendant's convictions but vacated the sentences and remanded for resentencing. State v. Dugan, A-5392-86T4 (decided Nov. 6, 1989); State v. Dugan, A-5709-86T4 *18 (decided Dec. 7, 1989). The Supreme Court denied defendant's petition for certification of our decision affirming his conviction for armed robbery. 121 N.J. 620, 583 A.2d 319 (1990). On January 31, 1990, the trial court resentenced defendant to an extended term of fifty years imprisonment, with fifteen years of parole ineligibility, for armed robbery and to a consecutive term of five years imprisonment, with one year of parole ineligibility, for receiving stolen property. On appeal from the amended judgments of convictions entered upon resentencing, we affirmed, State v. Dugan, A-3788-89T4 (decided July 29, 1992), and the Supreme Court denied defendant's petition for certification. 133 N.J. 429, 627 A.2d 1136 (1992).
On January 25, 1994, defendant filed a petition for post-conviction relief. The trial court denied this petition on the ground that, with the exception of a challenge to the legality of defendant's sentence which is not being pursued on this appeal, defendant's claims were foreclosed by Rule 3:22-12, which bars a petition for post-conviction relief filed "more than 5 years after rendition of the judgment or sentence sought to be attacked" unless defendant shows "excusable neglect."
On appeal, defendant makes the following arguments:
I. THE TRIAL COURT ERRED IN DETERMINING THAT ALL POST-CONVICTION RELIEF ISSUES, OTHER THAN ILLEGAL SENTENCE WERE TIME-BARRED (Partially Raised Below).
A. The Petition for Post-Conviction Relief was Timely, Since it was Filed Within Five Years of the Last Judgments of Conviction.
B. The Petition for Post-Conviction Relief Was Timely, Since Appellate Remedies Had Not Been Exhausted Until January 1, 1993.
II. EVEN IF DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS UNTIMELY, HIS RELIANCE ON COUNSEL, HIS PLAIN READING OF R. 3:22-3 AND CASE-LAW CONSTITUTES EXCUSABLE NEGLECT (Not Raised Below).
III. CONSTITUTIONAL ISSUES, BOTH FEDERAL AND STATE AND THE INTERESTS OF JUSTICE REQUIRE GRANTING THIS PETITION FOR POST-CONVICTION RELIEF U.S. CONST. AMEND. VI; N.J. CONST. (1947) ART. I, PAR. 10 (Not Raised Below).
IV. DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS PETITION FOR POST-CONVICTION RELIEF.
*19 We reject defendant's arguments and affirm the denial of his petition.
Rule 3:22-12 provides in pertinent part:
No ... petition shall be filed pursuant to this rule more than 5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.
The five year period for filing a petition for post-conviction relief allowed by this rule commences with the entry of a judgment of conviction. State v. Riley, 216 N.J. Super. 383, 389, 523 A.2d 1089 (App.Div. 1987). Although Rule 3:22-3 provides that a petition "may not be filed while [an appeal from the conviction] is available," the pendency of a direct appeal does not toll the running of the five year limitations period imposed by Rule 3:22-12. State v. Dillard, 208 N.J. Super. 722, 727, 506 A.2d 848 (App.Div.), certif. denied, 105 N.J. 527, 523 A.2d 169 (1986). The essential objective of this limitations period is "the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation." State v. Mitchell, 126 N.J. 565, 576, 601 A.2d 198 (1992).
Although defendant's judgment of conviction for armed robbery was entered on March 13, 1987, and his judgment of conviction for receiving stolen property was entered on June 5, 1987, he filed his petition for post-conviction relief more than six and a half years later on January 25, 1994. Therefore, if defendant's time for filing a petition ran from the entry of the original judgments, his petition was barred by Rule 3:22-12.
However, defendant argues that the five-year period for filing a petition for post-conviction relief did not commence until the entry of the amended judgments of conviction reflecting his resentencings pursuant to remands from this court. We reject this argument as being inconsistent with both the language and the essential objective of Rule 3:22-12.
Rule 3:22-12 requires a petition for post-conviction relief to be filed within five years "after rendition of the judgment or sentence sought to be attacked." (Emphasis added). Thus, the rule distinguishes *20 between a petition attacking a judgment of conviction and a petition attacking a sentence, requiring a defendant to file a petition for post-conviction relief within five years of whatever judicial action he is attacking. A defendant may be resentenced not only, as in these cases, pursuant to a remand from an appellate court which has affirmed his conviction but also on any one of the grounds set forth in Rule 3:21-10(b). Rule 3:22-12 authorizes a defendant to file a petition attacking any resentencing proceedings within five years thereafter, but by distinguishing between a judgment of conviction and a sentencing, the rule indicates that resentencing does not extend the time for filing a petition attacking the conviction. Similarly, Rule 3:22-3 prohibits the filing of a petition for post-conviction relief while "appellate review" of a "conviction" is "available," but it does not bar a petition for post-conviction relief attacking a conviction simply because a defendant is seeking sentencing relief in a trial or appellate court.
Our conclusion that a petition for post-conviction relief must be filed within five years of entry of the judgment memorializing the conviction even if further trial proceedings relating to the sentence are conducted during the interim period is also supported by the underlying objective of Rule 3:22-12 to "strongly encourag[e] those believing they have grounds for post-conviction relief to bring their claims swiftly, and [to] discourag[e] them from sitting on their rights until it is too late for a court to render justice." State v. Mitchell, supra, 126 N.J. at 576, 601 A.2d 198. As previously noted, a defendant may be resentenced not only pursuant to a remand from an appellate court which has affirmed his conviction but also on any one of the grounds set forth in Rule 3:21-10(b), which include a change of sentence to permit entry into a drug treatment program, R. 3:21-10(b)(1), or release from custody because of illness or infirmity, R. 3:21-10(b)(2). Such resentencing proceedings may occur many years after a defendant's conviction and an affirmance on appeal. Thus, if Rule 3:22-12 were construed to re-trigger the five-year period for filing a *21 petition for post-conviction relief any time the court entered an amended judgment of conviction memorializing a resentencing, a defendant would be able to pursue a petition for post-conviction relief many years after his trial, when witnesses and counsel may have died or disappeared and memories of both the crime and the trial proceedings inevitably will have dimmed. We decline to give Rule 3:22-12 an interpretation which is so clearly contrary to its underlying objective. See State v. Mitchell, supra, 126 N.J. at 575, 601 A.2d 198. Therefore, we conclude that defendant's petition, insofar as it was directed at his 1987 convictions, was filed beyond the five-year period allowed under Rule 3:22-12.[1]
We further conclude that defendant failed to show "excusable neglect" for the late filing of the petition attacking his conviction. In State v. Mitchell, supra, 126 N.J. at 580, 601 A.2d 198, the Court indicated that:
[A] court should relax Rule 3:22-12's bar only under exceptional circumstances. The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.
Defendant delayed more than a year and a half after expiration of the five year period allowed by Rule 3:22-12 before filing his petition, and the primary claim raised by the petition  that defendant received ineffective assistance of trial counsel  rests on factual allegations outside the trial record that would require an evidentiary hearing relating to the conduct of his trial held more than nine years ago. Consequently, defendant's delay in filing his petition was significant, and the State would be substantially prejudiced if it were required to oppose defendant's petition and, if he were successful, to retry him for the underlying crimes this many years after the events in question. Furthermore, defendant's ineffective assistance of counsel claims relate essentially to matters of trial strategy which would have been unlikely to *22 succeed even if pursued in a timely manner.[2] Therefore, the denial of defendant's petition as untimely does not result in an "injustice" sufficient to warrant a relaxation of Rule 3:22-12.
We also reject defendant's argument that his delay was "excusable" because he relied on his view that Rule 3:22-12 gave him five years after entry of the amended judgments of conviction to file his petition. There is no evidence in the trial record that this was the real reason for defendant's delay. In any event, such a misunderstanding of the meaning of the rule would not constitute "excusable neglect" under the circumstances of this case. Cf. State v. D.D.M., 140 N.J. 83, 100-01, 657 A.2d 837 (1995) (rejecting defendant's claim that his "psychological treatment" while incarcerated provided a basis for finding of "excusable neglect" within the intent of Rule 3:22-12); see also State v. Miller, 277 N.J. Super. 122, 129, 649 A.2d 94 (App.Div. 1994), certif. denied, 142 N.J. 449, 663 A.2d 1356 (1995); State v. White, 260 N.J. Super. 531, 538-41, 617 A.2d 272 (App.Div. 1992), certif. denied, 133 N.J. 436, 627 A.2d 1141 (1993).
Affirmed.
NOTES
[1] Insofar as defendant's petition may be read to attack his 1990 resentencings, it is timely but clearly without merit.
[2] We note that defendant alleges Bernadette Bates and John Hosley could have provided testimony supporting a defense that the robbery victims consented to his taking property from the gas station where they worked as part of a drug transaction. However, these individuals were initially listed as defense witnesses at trial, and defense counsel subsequently informed the court that "the initial strategy of this case ... has changed in the middle of the case" and that, with defendant's consent, he had decided not to call either Bates or Hosley.