# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3594-16T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

R.K.V.,

      Defendant-Appellant.

_____

Submitted October 4, 2018 – Decided  October 30, 2018

Before Judges O'Connor and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 03-04-0222.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant R.K.V.[1] appeals from the dismissal of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

I

On October 23, 2003, a jury convicted defendant of seven counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); four counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c); and nine counts of second-degree endangering the welfare of a minor, N.J.S.A. 2C:24-4(a). On January 23, 2004, defendant was sentenced in the aggregate to a sixty-seven year term of imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant filed a direct appeal. We affirmed his convictions; however, because NERA did not apply to some of the convictions, we vacated the NERA component of the sentence and remanded the matter for resentencing. See State v. R.K.V., No. A-3575-03 (App. Div. Dec. 22, 2005). On April 6, 2006, the trial court sentenced defendant, in the aggregate, to a sixty-seven

---

[1] We use initials to protect the victim's privacy.

year term of imprisonment, and imposed a twenty-three year period of parole ineligibility. Defendant filed a direct appeal of his sentence; on September 21, 2010, defendant's sentence was affirmed by our excessive sentencing oral argument panel, see Rule 2:9-11. On September 9, 2011, the Supreme Court denied defendant's petition for certification. State v. Venzie, 208 N.J. 336 (2011).

In December 21, 2011, defendant filed a petition for writ of habeas corpus in the United States District Court for the District of New Jersey; that petition was dismissed without prejudice on February 3, 2012. Defendant filed an amended petition. On March 7, 2013, the District Court dismissed that petition with prejudice and denied defendant's request for a certificate of appealability.

Defendant appealed and, on August 14, 2013, the United States Court of Appeals for the Third Circuit denied defendant's request for a certificate of appealability and, on October 9, 2013, denied his petition for a rehearing en banc. On February 24, 2014, the United States Supreme Court denied defendant's application for certiorari, and on May 5, 2014, his petition for a rehearing was denied.

3

On February 12, 2016, defendant filed his first petition for PCR. The issues defendant raised before the PCR court relevant to those on appeal are: the appeals of his convictions and sentence tolled the time bar imposed in Rule 3:22-12(a)(1); his ignorance of the law constituted excusable neglect, see Rule 3:22-12(a)(1)(A); and enforcement of the time bar would result in a fundamental injustice because trial counsel failed to seek the recusal of the judge who presided over his suppression hearing, during which he challenged the admissibility of certain statements he had made to the police.[2]

As for the latter allegation, defendant claimed the judge had a conflict of interest because, when she sat in the Family Part, she presided over an adoption hearing in which she granted defendant's application to adopt the victim, who had been a foster child in his home. Defendant argued that, during the suppression hearing, the judge may have felt responsible for permitting defendant to adopt the victim and, thus, was motivated to rule against him at the suppression hearing to assuage her remorse. It is not known when the adoption hearing was conducted or even if it was contested.

On November 15, 2016, the PCR court entered an order denying defendant's request for post-conviction relief. The court found defendant's

---

[2] The judge who presided over the suppression hearing did not preside over the trial.

4

petition time barred under Rule 3:22-12(a)(1), rejecting defendant's argument the delay in filing his petition was due to excusable neglect and there was a reasonable probability that, if his factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice. See Rule 3:22-12(a)(1)(A).

On the issue of fundamental injustice, the PCR court found there was no basis to conclude the judge who presided over the suppression hearing was predisposed or motivated to rule against defendant merely because she handled the adoption hearing. The PCR court also noted defendant could have but did not raise the question of the judge's alleged partiality on direct appeal, although he otherwise challenged her ruling on his suppression motion. As previously stated, we affirmed defendant's convictions on appeal.

II

On appeal, defendant presents the following point for our consideration.

> POINT I: THE PCR COURT ERRED IN
> DISMISSING DEFENDANT'S PETITION FOR
> POST-CONVICTION RELIEF AS TIME BARRED
> BECAUSE DEFENDANT'S FAILURE TO FILE HIS
> PETITION WITHIN FIVE YEARS OF HIS
> CONVICTION WAS DUE TO EXCUSABLE
> NEGLECT AND ENFORCEMENT OF THE TIME
> BAR WOULD RESULT IN A FUNDAMENTAL
> INJUSTICE.

5

Defendant's specific arguments are those which he asserted before the PCR court.

To establish an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 52 (quoting Strickland, 466 U.S. at 687).

> To satisfy prong one, [a defendant] ha[s] to overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities. [I]f counsel makes a thorough investigation of the law and facts and considers all likely options, counsel's trial strategy is virtually unchallengeable. Mere dissatisfaction with a counsel's exercise of judgment is insufficient to warrant overturning a conviction.
>
> [State v. Nash, 212 N.J. 518, 542 (2013) (third alteration in original) (internal citations and quotation marks omitted).]

Second, a defendant must prove he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687. A defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Fritz, 105 N.J. at 58. "A reasonable probability is a probability

6

sufficient to undermine confidence in the outcome."  State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52). "If [a] defendant establishes one prong of the Strickland-Fritz standard, but not the other, his claim will be unsuccessful."  State v. Parker, 212 N.J. 269, 280 (2012).

Rule 3:22-12(a)(1)(A) states:

> (a)  General Time Limitations.
>
> > (1)  First Petition For Post-Conviction Relief. Except as provided in paragraphs (a)(2), (a)(3), and (a)(4) of this rule, no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:
> >
> > (A)  it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . .

We concur with the PCR court that defendant's petition is time-barred and, because defendant failed to show excusable neglect and that enforcement of the time bar would result in a fundamental injustice, that time bar cannot be

7

relaxed.  Generally, a defendant's first PCR petition must be filed within five years of the date the judgment of conviction is entered, "unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."  R. 3:22-12(a)(1)(A).

Defendant's first petition for PCR was filed on November 15, 2016.  The first judgment of conviction is dated January 23, 2004 and the amended one is dated April 6, 2006, making the filing of the PCR petition well beyond the five-year time limit.  In general, the five-year time period is neither stayed nor tolled by an appellate or other proceeding, see State v. DiFrisco, 187 N.J. 156, 165-67 (2006), and the fact defendant was not knowledgeable about the law does not satisfy the exceptional circumstances standard.  See State v. Dugan, 289 N.J. Super. 15, 22 (App. Div. 1996) (holding a misunderstanding of the meaning of Rule 3:22-12 does not constitute excusable neglect); State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002) ("Ignorance of the law and rules of court does not qualify as excusable neglect.").

Finally, even if defendant demonstrated excusable neglect, there is no evidence or indication the judge who decided the suppression motion was in

8

any way influenced by her decision in the adoption matter. Defendant's hypothesis the judge had qualms about her previous decision to permit defendant to adopt the victim and, thus, sought to mollify those feelings of regret by denying defendant's suppression motion, is just rank speculation. Therefore, defendant failed to show there is a reasonable probability that, even if counsel did not seek the judge's recusal, enforcement of the time bar would result in a fundamental injustice. See R. 3:22-12(a)(1)(A).

In summary, we are satisfied defendant did not establish he is entitled to a relaxation of the time limit in Rule 3:22-12(a)(1)(A). Further, even if there were no time bar, there is no evidence the judge who decided the suppression motion had a conflict of interest. Accordingly, even if defendant were able to meet the first prong of the Strickland standard, he could not meet the second prong. Defendant did not provide any evidence there is a reasonable probability that trial counsel's alleged ineffectiveness affected the outcome. See Fritz, 105 N.J. at 58.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9