**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3441-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DWAYNE GILLISPIE,

     Defendant-Appellant.

_____

Submitted May 6, 2020 – Decided May 20, 2020

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 04-07-1211.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (William Kyle Meighan, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Dwayne Gillispie appeals from the January 30, 2019 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

Defendant was indicted for a number of crimes, including two counts of capital murder.[1] On March 3, 2005, a jury convicted defendant of all of the charges, but could not reach a unanimous verdict on capital punishment. On June 16, 2005, the judge sentenced defendant to two consecutive life sentences without parole on the first-degree murder charges and to an aggregate, consecutive ten-year term on several other charges, subject to an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The judgment of conviction (JOC) was entered that same day.

Defendant appealed his conviction and sentence and, on August 18, 2009, we reversed his conviction and remanded the matter for a new trial. State v. Gillispie, No. A-0799-05 (App. Div. Aug. 18, 2009). However, the Supreme Court reversed our decision on June 9, 2011, reinstated defendant's conviction, and remanded the matter to this court for disposition of the issues that were not addressed in our prior opinion. State v. Gillispie, 208 N.J. 59 (2011).

---

[1] Defendant was indicted along with his co-defendant Gregory Buttler. However, both men were tried separately.

On January 26, 2012, we affirmed defendant's conviction, but remanded the matter to the trial court for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005). State v. Gillispie, No. A-0799-05 (Jan. 26, 2012). The Supreme Court denied certification on June 21, 2012. State v. Gillispie, 210 N.J. 480 (2012). In the interim, the trial judge amended defendant's sentence for unlawful possession of a weapon on May 4, 2012, so that it ran concurrently, rather than consecutively, to his other sentences. All other aspects of the sentence remained unchanged.

On May 2, 2017, almost twelve years after defendant's June 16, 2005 conviction and sentence, and well over five years after the Supreme Court reinstated his conviction on June 9, 2011, defendant filed his PCR petition. Defendant alleged that his attorney provided him with ineffective assistance at trial by "deterring" him from testifying, and by failing to locate an alibi witness.

After conducting oral argument, Judge Guy P. Ryan rendered a thorough written opinion denying defendant's petition because it was untimely under Rule 3:22-12(a)(1). That Rule states that "no petition shall be filed . . . more than [five] years after the date of entry . . . of the [JOC] that is being challenged" unless the defendant "alleges facts showing that the delay . . . was due to defendant's excusable neglect and that there is a reasonable probability that if

the defendant's factual assertions are found to be true[,] enforcement of the time bar would result in a fundamental injustice[.]"

In assessing excusable neglect for failing to file a timely petition, a court "consider[s] the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). More than "a plausible explanation for [the defendant's] failure to file a timely PCR petition" is required. Ibid. The five-year period for filing a PCR petition begins with the entry of the JOC and is not stayed or tolled by appellate or other review proceedings. State v. Dugan, 289 N.J. Super. 15, 19-20 (App. Div. 1996). Ignorance of the process does not establish excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000).

After applying these standards, Judge Ryan found that the trial court entered the JOC that started the limitations period on June 16, 2005. Four years and two months later, this court reversed defendant's conviction on August 18, 2009. The judge noted that even if the period between our decision and the Supreme Court's reinstatement of defendant's convictions on June 9, 2011 is not considered, defendant did not file his PCR petition until May 2, 2017, almost

six years after the Court's decision. While defendant alleged that he was confused about the five-year time limitation, the judge concluded that defendant failed to establish excusable neglect for his failure to abide by the clear terms of Rule 3:22-10(a)(1). This appeal followed.

On appeal, defendant raises the following contention:

> DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN TIME-BARRED; THEREFORE, THIS MATTER MUST BE REMANDED FOR THE PCR COURT TO ADDRESS THE MERITS OF DEFENDANT'S INEFFECTIVE ASSISTANCE-OF-COUNSEL CLAIMS.

We have considered defendant's contention in light of the record and the applicable law and conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in Judge Ryan's comprehensive written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

5

A-3441-18T2