**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0577-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLARA E. SIERRA,

    Defendant-Appellant.

_____

Submitted June 30, 2020 – Decided July 20, 2020

Before Judges Vernoia and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 04-10-1295.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Clara Sierra, a non-citizen of the United States, appeals from a November 30, 2017 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following points for our consideration:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON H[ER] CLAIM THAT HER ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR GIVING HER AFFIRMATIVE MISADVICE ABOUT THE DEPORTATION CONSEQUENCES OF HER [GUILTY] PLEA.

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT]'S PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF . . . DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

We reject these contentions and affirm.

The facts and procedural history are straightforward and set forth at length in the PCR judge's decision. In summary, on October 13, 2004, defendant pled guilty to a one-count accusation, charging third-degree intent to distribute a

controlled dangerous substance (CDS), N.J.S.A. 2C:35-5. On April 8, 2005, defendant was sentenced before another judge to time served and a one-year probationary term; the remaining six drug charges were dismissed pursuant to the terms of the negotiated plea agreement. Defendant did not file a direct appeal.

Thereafter, defendant violated probation on two separate occasions. In May 2006, the original sentencing judge extended defendant's probationary term on the first violation. In April 2007, the judge discharged defendant from probation without improvement and sentenced her to a county jail term. In 2011, the United States Department of Homeland Security advised defendant she was subject to removal from the United States based on the judgment of conviction (JOC) entered in April 2007.

On November 14, 2016, defendant filed a pro se petition and brief for PCR in the trial court. Defendant claimed she was denied the effective assistance of counsel because her attorney failed to inform her about the immigration consequences of her plea. Assigned counsel filed an amended petition and brief, expounding upon those arguments. PCR counsel also asserted the petition was

not barred by Rule 3:22-12[1] because the JOC was amended on April 12, 2017 to reflect the correct statute and charge, and defendant's mental health issues "could amount to excusable neglect to overcome the time bar."

Following argument on November 30, 2017, Judge Regina Caulfield[2] issued a comprehensive oral decision, spanning twenty-eight transcript pages. The PCR judge squarely addressed the issues raised in view of the governing legal principles. Citing our decision in State v. Dugan, 289 N.J. Super. 15, 19-20 (App. Div. 1996), the judge correctly rejected defendant's contention that the amended JOC controlled the five-year time limitation prescribed by Rule 3:22-12. Instead, as we recognized in Dugan, a PCR petition "must be filed within

---

[1] Rule 3:22-12 provides in pertinent part:

> (1) First Petition For Post-Conviction Relief. . . . [N]o petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless:
>
> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice
> . . . .

[2] Judge Caulfield did not enter defendant's guilty plea or sentence defendant, but the judge issued the amended JOC in August 2017.

4

five years of entry of the judgment memorializing the conviction even if further trial proceedings relating to the sentence are conducted during the interim period . . . ." 289 N.J. Super at 20. Here, as the judge noted, the JOC was amended only "to correct a clerical error."

Judge Caulfield also aptly relied on our decision in State v. Brewster, 429 N.J. Super. 387, 399-400 (App. Div. 2013), to support her conclusion that defendant failed to establish excusable neglect or that enforcement of the time bar would result in a fundamental injustice. The judge observed that defendant in the present matter – similar to the defendant in Brewster – answered, "yes" to question seventeen of the plea form. That question asks: "Do you understand that if you are not a United States citizen or national you may be deported by virtue of your plea of guilty?" See id. at 391. Further, Judge Caulfield recognized the plea judge expressly asked defendant whether she understood her guilty plea "could have some effect on [her] continued residency in the United States," to which defendant politely responded, "Yes, sir." Accordingly, the PCR judge concluded Rule 3:22-12 applied, procedurally barring defendant's petition.

Nonetheless, Judge Caulfield also addressed the merits of defendant's petition. Surveying the applicable law, the judge explained "a criminal defense

attorney's obligation to advise his or her non-citizen clients about the adverse removal consequences of a guilty plea has evolved over time." Citing our Supreme Court's decision in State v. Nunez-Valdez, 200 N.J. 129, 138 (2009), the judge recognized that at the time defendant entered her guilty plea in 2004, defense counsel was not required to advise her "about the removal consequences of a guilty plea, but rather counsel had to refrain from providing, 'false or misleading material information concerning the deportation consequences' of a plea."

The PCR judge further recognized it was not until March 2010, that the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 356, 368 (2010), imposed upon defense attorneys an affirmative duty to inform their clients of mandatory deportation consequences attendant to their guilty pleas when those consequences are "succinct, clear, and explicit." As the PCR judge noted, however, the affirmative obligation imposed by Padilla announced a new rule of law and is not applied retroactively. See State v. Gaitan, 209 N.J. 339, 367 (2012). Accordingly, the judge determined defendant's assertion that plea counsel failed to inform her of the mandatory removal consequences of her guilty plea did not establish a prima facie claim that her counsel's performance

was deficient when her plea was entered.  See ibid.; see also Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 52 (1987).

Finally, the judge found defendant "failed to demonstrate prejudice[,]" i.e., "that but for counsel's errors she would not have pled guilty and would have insisted on going to trial."  See Nunez-Valdez, 200 N.J. at 139.  The judge elaborated:

> [D]efendant was aware of the adverse removal consequences of her guilty plea, both through the plea form and through her plea colloquy with [the plea judge].  Despite her knowledge about the risk of removal she pled guilty . . . .
>
> . . . .
>
> Further, . . . defendant has failed to convince this court that a decision to reject the plea would have been reasonable.
>
> . . . .
>
> The plea agreement negotiated by [plea counsel] resulted in a favorable plea deal, which led to the dismissal of several serious charges, including two charges of possession of CDS with the intent to distribute same within a school zone.  If convicted of those charges, . . . defendant faced a mandatory minimum three-year state prison sentence.  See N.J.S.A. 2C:35-7.
>
> Instead, [plea counsel] negotiated a plea where [defendant] avoided state prison, and received a

> sentence of time served and non-custodial probation
> . . . .

Finding defendant failed to establish a prima facie claim of ineffective assistance of counsel, the PCR judge correctly denied defendant's request for an evidentiary hearing. See State v. Preciose, 129 N.J. 451, 462 (1992).

Because defendant's contentions on appeal challenge the PCR judge's legal conclusions, our review is de novo. State v. Parker, 212 N.J. 269, 278 (2012). Having conducted that review here, we conclude defendant's contentions lack sufficient merit to warrant further discussion in our written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Caulfield in her well-reasoned decision.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0577-18T1