# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0195-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN M. LOPEZ,

    Defendant-Appellant.

_____

> Submitted March 8, 2021 – Decided March 26, 2021
>
> Before Judges Mayer and Susswein.
>
> On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 11-06-0627.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).
>
> Christine A. Hoffman, Acting Gloucester County Prosecutor, attorney for respondent (Steven J. Salvati, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Juan M. Lopez appeals from a July 2, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the thorough and cogent reasons expressed by Judge Kevin T. Smith in his written decision dated July 1, 2019.

Defendant was indicted on the following charges: two counts of second-degree sexual assault of a minor under the age of thirteen, N.J.S.A. 2C:14-2(b); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), and fourth-degree lewdness observed by children under the age of thirteen, N.J.S.A. 2C:14-4(b)(1). After a jury trial, defendant was convicted on all but one count of second-degree sexual assault of a minor under the age of thirteen.[1] On January 25, 2013, defendant was sentenced to an aggregate term of six years, with an eighty-five percent parole disqualifier. He did not file a direct appeal or an excessive sentencing appeal.

On April 3, 2018, more than five years after entry of the judgment of conviction, defendant filed a PCR petition and was subsequently assigned counsel, who filed a brief in support of the application. In his PCR petition,

---

[1] The facts leading to defendant's conviction are addressed at length in Judge Smith's written decision and we need not repeat the details of the sexual assaults involving the minors.

A-0195-19

defendant claimed his trial counsel was ineffective as a result of failing to file a direct appeal, failing to object to certain testimony proffered by the testifying police officer, and failing to object to certain statements during the prosecutor's closing argument regarding the credibility of a witness who did not testify at trial.

On June 21, 2019, Judge Smith heard counsels' PCR arguments. On July 2, 2019, he denied defendant's PCR petition for the reasons explained in his July 1, 2019 written decision. Judge Smith addressed defendant's petition on the merits despite the State's contention defendant's PCR claims were time barred.

In his substantive review of defendant's PCR arguments, Judge Smith concluded defendant failed to establish a prima facie case of ineffective assistance of counsel and, accordingly, was not entitled to an evidentiary hearing. He noted defendant's claims were "mere bald assertion[s]" and unsupported by any factual evidence in the record. Nor did the judge find defense counsel's trial strategy throughout the trial and during closing argument rose "to the level of ineffective assistance of counsel as it was not so serious to deprive [p]etitioner of a fair trial." In addition, Judge Smith rejected defendant's pro se petition arguments, finding the arguments were "all without merit as they [we]re unsubstantiated, vague or merely reflect[ed] his dissatisfaction with

3

counsel's defense strategy." Judge Smith held defendant failed to make "a prima facie showing of ineffective assistance of counsel and ha[d] not shown that, but for trial counsel's conduct, the result would have been different."

On appeal, defendant raises the following argument:

> [DEFENDANT] IS ENTITLED TO A DIRECT APPEAL OR AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A DIRECT APPEAL AND OBJECT AT TRIAL WHEN THE STATE IMPROPERLY VOUCHED FOR ITS WITNESS.

We are not persuaded by defendant's arguments on the merits and affirm for the reasons expressed by Judge Smith in his written decision, determining defendant failed to establish a claim of ineffective assistance of counsel in accordance with Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987). We add only the following comments.

In addition to failing to establish an ineffective assistance of counsel claim, defendant's PCR petition was time barred. A defendant's first petition for PCR must be filed within five years of a judgment of conviction (or within five years of the date of the sentence). R. 3:22-12(a)(1); State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996). The purpose of this time bar is to encourage defendants who believe they have a claim to assert the claim quickly and

A-0195-19

discourage defendants "from sitting on their rights until it is simply too late for a court to render justice." State v. Cummings, 321 N.J. Super. 154, 165 (App. Div. 1999) (citing State v. Mitchell, 126 N.J. 565, 576 (1992)). However, "the rule is not rigid." Ibid. A PCR petition may be filed after the five year limit if "it alleges facts showing that the delay . . . was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in fundamental injustice . . . ." R. 3:22-12(a)(1)(A). The time bar may "be relaxed only under truly exceptional circumstances." Cummings, 321 N.J. Super. at 168 (citing Mitchell, 126 N.J. at 580).

Here, defendant's PCR petition was filed more than five years following his judgment of conviction. Because the petition was filed after the five-year time bar, defendant was required to demonstrate excusable neglect and, if the defendant's factual assertions were found to be true, a reasonable probability that enforcement of the time bar would result in fundamental injustice. R. 3:22-12(a)(1)(A).

Defendant did not produce any competent evidence to warrant the relaxation of the requirements of Rule 3:22-12 and the consideration of his untimely PCR petition. Defendant's brief is devoid of any asserted excusable

5

neglect or fundamental injustice. On the other hand, the State argued it would be prejudiced because the issues in defendant's petition concern a trial that took place "more than seven and half years ago," involving "testimony from the eight- and ten-year old victims about incidents that occurred when they were six- and eight-years old, respectively." Thus, defendant cannot carry his burden, and the PCR petition is time barred.

Even if defendant's claims were not procedurally barred, he failed to establish a prima facie case of ineffective assistance of counsel under the Strickland/Fritz analysis. To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58 (adopting the Strickland two-part test in New Jersey).

Because defendant failed to allege facts sufficient to support a prima facie case of ineffective assistance of counsel, no evidentiary hearing was required. See State v. Preciose, 129 N.J. 451, 462 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0195-19