**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4136-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GUILIO MESADIEU, a/k/a
GUILIO MASADIEU,
EMMANUEL MERVALUS,
EMMANUEL MERVUILUS,
GUILIO MESUDIEU, JASON
PIERRE, and JOSEPH PEIRRE,

     Defendant-Appellant.

_____

Submitted January 31, 2022 – Decided February 18, 2022

Before Judges Sabatino and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 01-04-0501, 03-10-1088, 07-03-0169 and Accusation No. 02-08-0918.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

William A. Daniel, Union County Prosecutor, attorney for respondent (Michele C. Buckley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Guilio Mesadieu appeals from a February 13, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Between 2001 and 2007, defendant was successively charged and indicted with drug-related offenses. On Indictment No. 01-04-0501, defendant pleaded guilty to third-degree possession of a controlled dangerous substance (CDS) with intent to distribute and was sentenced in September 2002 to four years in prison with a one-year parole bar.

On Indictment No. 03-10-1088, defendant proceeded to trial on various drug-related charges and an obstruction charge. He was found guilty after a jury trial on the obstruction charge and acquitted of the drug-related charges. He was sentenced in March 2004 to one year probation.

On Indictment No. 07-03-0169, defendant was charged with various drug-related offenses and, after a jury trial, found guilty on all counts. In August 2008, defendant was sentenced to an extended term of seven years in prison with a forty-two-month parole bar on the charge of distributing CDS in a school zone

and a concurrent seven-year term on the other drug charges. We affirmed those convictions and sentence on direct appeal. State v. Mesadieu, No. A-2408-08 (App. Div. July 22, 2011).

On May 16, 2017, more than five years after the entry of the 2008 judgments of conviction, defendant filed a PCR petition. One year later, the PCR judge dismissed defendant's petition without prejudice. In November, 2018, defendant moved to reinstate his PCR petition.

On February 13, 2020, the PCR judge heard arguments on defendant's petition. In a February 13, 2020 order and accompanying written decision, the judge denied defendant's petition. He addressed defendant's petition on the merits despite the State's contention defendant's PCR claims were time barred.

In his substantive review of defendant's PCR arguments, the judge concluded defendant failed to establish a prima facie case of ineffective assistance of counsel and, accordingly, was not entitled to an evidentiary hearing.

The judge rejected defendant's contention the 2015 ACLU report corroborated his claim that he was the victim of pervasive police misconduct in support of his request for PCR beyond the five-year period for filing his petition. The judge found the 2015 ACLU report focused on police treatment of

A-4136-19

defendants who were arrested and charged with the following non-indictable offenses: loitering, defiant trespass, disorderly conduct, and marijuana possession.[1]  The 2015 ACLU report analyzed racially disparate law enforcement practices against defendants charged with these low-level, non-indictable offenses.  The judge explained defendant pleaded guilty or was convicted of indictable offenses for second-degree and third-degree possession of cocaine.  Thus, the judge determined the 2015 ACLU report bore no "nexus" to defendant's convictions or the allegations in defendant's PCR petition.  The judge expressly stated he was "not questioning the accuracy of the ACLU report" and did not contend "that racial profiling and police misconduct do not occur."[2]  Moreover, the judge found the 2015 ACLU report failed to constitute newly discovered evidence in support of defendant's late filing of a PCR petition.

---

[1]  The 2015 ACLU report, dated December 2015 and entitled "Selective Policing – Racially Disparate Enforcement of Low-Level Offenses in New Jersey," analyzed data for individuals arrested and charged by police with low-level offenses in four different municipalities, including the City of Elizabeth, between 2005 and 2013.  Defendant, who lived in Elizabeth, claimed he was harassed, falsely arrested, and beaten by Elizabeth police officers during the time frame reviewed by the ACLU in its report.

[2]  We also appreciate the import of the 2015 ACLU report and its suggestions for addressing racial disparity in the arrest practices of law enforcement in New Jersey and enacting various police reforms to eliminate disparate police enforcement practices.

A-4136-19

The judge also addressed each claimed instance of ineffective assistance of counsel and found defendant's assertions lacked merit. The judge concluded defendant failed to present prima facie evidence that his counsel's decision to refrain from raising allegations of police misconduct at trial was objectively unreasonable because the 2015 ACLU report was not in existence at the time defendant proceeded to trial in any of his cases. Moreover, defendant failed to proffer any corroborating testimony or other evidence of such misconduct. Additionally, the judge rejected defendant's claim he was coerced into entering a guilty plea in 2002 as belied by the record from the plea hearing and sentencing hearing. Further, the judge found no evidence defendant asked his counsel to file a direct appeal on his 2002 or 2004 convictions[3] or assert what issues, if any, would have been appropriate to raise on a direct appeal from those convictions.

Regarding defendant's motion to withdraw his 2002 guilty plea, the judge determined defendant first raised the issue fifteen years post-sentencing. As a result, the judge found defendant's delay in seeking to withdraw that plea would significantly prejudice the State. He also concluded defendant failed to demonstrate a "manifest injustice" entitling him to withdraw his guilty plea.

On appeal, defendant raises the following arguments:

---

[3] Defendant filed a direct appeal from his 2008 convictions.

A-4136-19

<u>POINT I</u>

THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT THE INSTANT CONVICTIONS SHOULD BE VACATED DUE TO POLICE MISCONDUCT; THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO INVESTIGATE AND ADVANCE HIS DEFENSE OF POLICE MISCONDUCT BEFORE ADVISING HIM TO PLEAD GUILTY; AND THAT HIS GUILTY PLEAS WERE NOT KNOWING AND VOLUNTARY AND SHOULD BE VACATED AS A MANIFEST INJUSTICE.

A. The Prevailing Legal Principles Regarding Claims of Ineffective Assistance of Counsel, Evidentiary Hearings and Petitions for Post-Conviction Relief.

B. The PCR Court Erred in Failing to Order an Evidentiary Hearing to Further Substantiate Defendant's Claim that he was the Victim of Police Misconduct and Malicious Prosecution.

C. The PCR Court Erred in Failing to Order an Evidentiary Hearing to Further Substantiate Defendant's Claim that he was Denied the Effective Assistance of Counsel.

D. Defendant's Guilty Pleas were not Entered Knowingly and Voluntarily and the PCR Court Erred in Denying the Motion to Vacate the Pleas as a Manifest Injustice.

6

We first consider whether defendant's PCR application was timely submitted. A defendant's first petition for PCR must be filed within five years of a judgment of conviction (or within five years of the date of the sentence). R. 3:22-12(a)(1); State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996). The purpose of this time bar is to encourage defendants who believe they have a claim to assert the claim quickly and discourage defendants "from sitting on their rights until it is simply too late for a court to render justice." State v. Cummings, 321 N.J. Super. 154, 165 (App. Div. 1999) (citing State v. Mitchell, 126 N.J. 565, 576 (1992)). However, "the rule is not rigid . . . ." Ibid. A PCR petition may be filed after the five-year limit if "it alleges facts showing that the delay . . . was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in fundamental injustice . . . ." R. 3:22-12(a)(1)(A). The time bar may "be relaxed only under truly exceptional circumstances." Cummings, 321 N.J. Super. at 168 (citing Mitchell, 126 N.J. at 580).

Here, defendant filed his PCR petition more than five years after his 2008 judgments of conviction. Because the petition was filed after the five-year time bar, defendant was required to demonstrate excusable neglect and, if the

defendant's factual assertions were found to be true, a reasonable probability that enforcement of the time bar would result in fundamental injustice. R. 3:22-12(a)(1)(A).

Defendant did not produce any competent evidence to warrant the relaxation of the requirements of Rule 3:22-12 for the court to consider his untimely PCR petition. He cites his age at the time of the first conviction and his failure to understand the law regarding his right to seek PCR as support for finding excusable neglect to relax the five-year time bar. However, defendant was represented by counsel and had the benefit of legal advice during the proceedings resulting in his 2002, 2004, and 2008 convictions. Defendant's numerous criminal convictions over a six-year period evidenced his familiarity with the criminal justice system. Thus, defendant's age at the time of his first conviction and claimed lack of familiarity with the legal system did not demonstrate excusable neglect warranting relaxation of the time bar for review of his PCR petition. Additionally, defendant never argued enforcement of the time bar resulted in a fundamental injustice to support the late filing of his PCR petition.

Defendant also argues his PCR petition was timely submitted once when he became aware of the 2015 ACLU report. However, Rule 3:22-12(a)(2)(b),

governing the filing of a second PCR application, requires the petition to be filed within one year of discovering new facts that could not be discovered earlier. See also State v. Brewster, 429 N.J. Super. 387, 399-400 (App. Div. 2013) (requiring defendant to satisfy the one-year deadline upon discovery of "'the factual predicate for the relief sought.'" (quoting R. 3:22-12(a)(2)(b))). Defendant failed to present any evidence indicating when he first learned of the 2015 ACLU report to explain the delay in seeking PCR. Defendant's PCR petition was filed nearly one and one-half years after publication of the 2015 ACLU report.

Even if defendant's claims were not procedurally barred, he failed to establish a prima facie case of ineffective assistance of counsel under the Strickland/Fritz[4] analysis. To establish an ineffective assistance of counsel claim, a defendant must demonstrate: (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58 (adopting the Strickland two-part test in New Jersey).

---

[4] Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987).

A-4136-19

Based on our review of the record, we are satisfied defendant failed to demonstrate any deficiencies in the legal services rendered by his attorneys. The 2015 ACLU report bore no relevance to defendant's convictions because that report addressed racial disparity in the enforcement of low-level offenses. Defendant's crimes, leading to his convictions, were indictable offenses. Nor did the 2015 ACLU report address police brutality or malicious prosecution by law enforcement. Similarly, our review of the plea colloquy reveals defendant's guilty plea was voluntary and he was not coerced to accept the plea.

Additionally, the PCR judge did not err in denying defendant's motion to vacate his 2002 guilty plea. Defendant first sought to withdraw his plea nearly eighteen years after that plea hearing. The prejudice to the State based on the significant delay resulting from defendant's belated request to vacate his guilty plea is self-evident. See State v. Slater, 198 N.J. 145, 157-58 (1990) (enumerating four factors trial courts should apply in reviewing motions to withdraw a guilty plea, including whether withdrawal of the plea "would result in unfair prejudice to the State . . . .").

Because defendant's PCR petition was untimely and he failed to allege facts sufficient to support a prima facie case of ineffective assistance of counsel,

10

no evidentiary hearing was required.  See State v. Preciose, 129 N.J. 451, 462 (1992).

To the extent we have not addressed any of defendant's arguments, we determine those arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION