<div style="border: 1px solid black; padding: 10px;">

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3809-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BERNARD WARNER,

    Defendant-Appellant.

_____

> Submitted May 13, 2026 – Decided June 2, 2026
>
> Before Judges Gummer and Vanek.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 05-06-0730.
>
> Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the briefs).
>
> LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bernard Warner appeals from an April 25, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Because defendant's petition is time-barred, we affirm.

I.

On February 25, 2005, Leisel Cunningham was leaving her house for an appointment when she saw defendant, who was her neighbor. Defendant asked to borrow Cunningham's ladder, as he had done previously, and she retrieved it from her garage. Defendant then asked to use Cunningham's phone. She agreed but asked defendant to make the call quickly so she could leave for her appointment. After Cunningham handed defendant her phone, she could see he was not actually making a call.

Cunningham asked defendant to return the phone to her and when defendant said no, she told him to place the phone near the entrance to her home when he was finished with it. When Cunningham turned around, defendant hit her from behind, and she lost consciousness.

When police responded to Cunningham's house after a 9-1-1 call from another neighbor around 2:00 p.m. that day, they found "blood everywhere" and Cunningham lying on the floor surrounded by a toaster, a chair spindle, a radio, and a lamp. The house smelled like bleach, and clear liquid, either bleach or

A-3809-23

lighter fluid, was between Cunningham's legs. Cunningham was breathing and had a pulse when EMTs arrived. She was transported by helicopter to a trauma center. Cunningham ultimately survived the attack.

While first responders treated and transported Cunningham, police officers searched for the assailant. Their investigation ultimately led them to arrest defendant. At the police station, an officer read defendant his Miranda[1] rights, which defendant acknowledged he understood.

On June 9, 2005, a Burlington County Grand Jury returned a five-count indictment, charging defendant with second-degree burglary, N.J.S.A. 2C:18-2(a)(1); first-degree criminal attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3(a)(1); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); and two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1). Appointed counsel represented defendant at the pre-trial stage and through the jury trial.

From September 18 to October 3, 2007, defendant was tried before a jury. The jury convicted defendant of all counts, except one robbery count. On February 29, 2008, a judge sentenced defendant to a total of thirty years' incarceration subject to an eighty-five percent period of parole ineligibility

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3809-23

under the No Early Release Act, N.J.S.A. 2C:43-7.2. The judgment of conviction was entered on March 5, 2008. Defendant did not appeal.

On July 19, 2022, defendant filed a self-represented PCR petition. With the assistance of appointed counsel, defendant then filed an amended petition alleging his attorney had been ineffective when he failed to file a Miranda motion, adequately advise defendant of plea offers by the State, present witnesses at trial, investigate a bloody fingerprint, and discuss the appellate process with defendant or file a direct appeal. Defendant argued he was entitled to an evidentiary hearing to develop a complete record and asserted his PCR petition "clear[ed] the time bar."

On June 20, 2024, a judge entered an order denying defendant's PCR petition for the reasons set forth in an eleven-page written decision. The PCR judge first concluded defendant's PCR petition was time-barred. The PCR judge then addressed the petition on its merits, evaluated each of the alleged grounds for ineffective assistance of counsel (IAC), determined they lacked support or merit, were rebutted by the evidence presented at trial, and failed to state a prima facie claim.

On appeal, defendant raises two points:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING OR RELIEF ON HIS CLAIMS THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE AN APPEAL OR DISCUSS FILING AN APPEAL, AND ALSO BY ADVISING HIM TO FORGO A PLEA OFFER AND PROCEED TO TRIAL, FAILING TO ADDRESS PREJUDICIAL PUBLICITY, FAILING TO INVESTIGATE CRUCIAL EVIDENCE AND FAILING TO PRESENT WITNESSES.

POINT TWO

THE PCR COURT ERRED IN FINDING THIS PETITION TIME-BARRED.

II.

We review a judge's decision to deny a PCR petition without an evidentiary hearing or to deny a PCR petition as procedurally barred de novo. State v. Harris, 181 N.J. 391, 419 (2004); State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023).

Rule 3:22-12(a)(1) provides:

> [N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless . . . it alleges facts showing that the delay beyond said time was due to [the] defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions

5

were found to be true[,] enforcement of the time bar would result in a fundamental injustice.

Thus, "a PCR petition challenging a judgment or conviction is time barred if not filed within five years of the act in question." State v. Afanador, 151 N.J. 41, 50 (1997) (citing R. 3:22-12). To defeat the time-bar the defendant must submit competent evidence to satisfy the standard for relaxing the temporal restriction. State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

"In the context of [PCR], a court should only relax the bar of Rule 3:22-12 under exceptional circumstances." Afanador, 151 N.J. at 52. In making that determination, a court should consider "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Ibid. (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

"Absent compelling, extenuating circumstances, the burden to justify filing a [PCR] petition after the five-year period will increase with the extent of the delay" because "[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases." Ibid. Because these court rules exist to uphold the integrity of the post-conviction relief process, continually relaxing them defeats their purpose. See State v. McIlhenny, 357 N.J. Super. 380, 386-87 (App. Div. 2003) (recognizing that "[t]o

6

consider legal arguments available to a defendant on direct appeal years after conviction and sentence does not serve justice" and instead "mocks the reasonable time limits of the Rules of Criminal Practice and insults the laudatory purpose of post-conviction relief").

It is uncontested defendant filed his PCR petition on July 19, 2022, more than fourteen years after his March 5, 2008 judgment of conviction—well beyond the five-year time limitation in Rule 3:22-12(a)(1). Defendant has not established excusable neglect sufficient to warrant relaxation of the time-bar. He has not provided more than a "plausible explanation for failure to file a timely PCR petition." See State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

Defendant posits "excusable neglect" warrants relaxation of the time-bar because of the merits of his PCR claim. Defendant argues he "tried to file a direct appeal[] and checked in with counsel twice during the two years that followed his conviction, believing counsel had filed his direct appeal." Defendant also argues "several personal tragedies delayed his ability to follow his case" and "[w]hen he felt well enough to resume focus on his case, he realized that counsel had not filed an appeal." Defendant's assertions that his

personal loss and delays related to the COVID-19 pandemic prevented him from filing his PCR petition are not supported by any evidence in the record.

We agree with the PCR judge that the extent of the delay here is substantial and the prejudice to the State is significant because "[t]his crime was committed nearly 20 years ago[,] [t]he victim is now deceased[, and] . . . several of the State's witnesses no longer work in law enforcement." See State v. Dugan, 289 N.J. Super. 15, 19-22 (App. Div. 1996) (holding "a year and a half" delay "after expiration of the five[-]year period allowed" for filing PCR claims was "significant" and would be prejudicial to the State). Defendant has also failed to meet his burden of presenting specific facts to corroborate any colorable claim of innocence to the crimes the jury found him guilty of.

We discern no error in the judge's finding that defendant's PCR petition was untimely, and, therefore, we need not and do not reach the substantive merits of his petition. Defendant's argument that we should reach the substantive merits of his PCR petition simply "[b]ecause the PCR court ruled on the merits of his claims" is unsupported by any legal authority. Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3809-23