**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3731-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

OSBORNE S. MALONEY,
a/k/a SYLAS MALONEY,
OSBONE MALONEY,
OSBORNE MALONEY,
MALONEY OSBORNE,
OSBORNE MALONY,
MALONY OSBORNE,
SYLAS MALONE,
OSBORNE MOLONEY,
OSBORN MALONEY,
OSBOURNE MALONEY,
SYLAS OSBORNE,
OSBORNE AKIKOSYLAS
MALONEY, OSBORNE
MALONE, and OZ MALONE,

     Defendant-Appellant.

_____

Submitted March 19, 2024 – Decided May 10, 2024

Before Judge Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 05-11-1492.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David Michael Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Osborne S. Maloney appeals from the trial court's June 30, 2022 order denying his motion for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

The detailed facts in this case were previously set forth in our opinion on defendant's direct appeal, and we incorporate them by reference. State v. Maloney, No. A-6320-06 (App. Div. Jul. 28, 2011) (slip op. at 4-8).

On November 10, 2005, a Middlesex County grand jury returned an indictment charging defendant with second-degree conspiracy to commit first-degree robbery, N.J.S.A. 2C:5-2, :15-1 (count one); second-degree conspiracy to commit second-degree burglary, N.J.S.A. 2C:5-2, :18-2 (count two); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count three); first-degree

attempted murder, N.J.S.A. 2C:5-1, :11-3(a)(1) (count four); two counts of first-degree armed robbery, N.J.S.A. 2C:15-1 (counts five and six); second-degree burglary, N.J.S.A. 2C:18-2 (count seven); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count eight); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count nine); third-degree criminal restraint, N.J.S.A. 2C:13-2 (count ten); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count twelve).

After a ten-day trial, a jury found defendant guilty of conspiracy to commit robbery (lesser-included offense of count one); conspiracy to commit third-degree burglary (lesser-included offense of count two); armed robbery (counts five and six); second-degree burglary (count seven); possession of a weapon for an unlawful purpose (count eight); third-degree criminal restraint (count ten); and not guilty of the remaining counts of the indictment.

On January 16, 2007, the trial court sentenced defendant to an eighteen-year term of imprisonment each on counts five and six, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.; a seven-year term each for counts one, seven and eight; and a four-year term each for counts two and ten. All sentences were to run concurrently.

3

We affirmed defendant's conviction but remanded the matter to correct errors in sentencing and enter an amended judgment of conviction that merged counts one and eight with count five; merged count two with count seven; and imposed a four-year term on count ten rather than count three. Our Supreme Court granted certification and, on October 6, 2013, the Court affirmed our decision. State v. Maloney, 216 N.J. 91, 111 (2013).

Defendant filed a petition for a writ of habeas corpus in federal court, which was denied on April 19, 2017. On May 13, 2019, defendant filed a pro se petition for PCR. After considering argument on the petition, Judge Colleen M. Flynn issued an order and comprehensive written opinion denying the petition. This appeal follows.

II.

Defendant presents the same issues as he did before the PCR judge:

POINT I.

BECAUSE DEFENDANT ESTABLISHED EXCUSABLE NEGLECT PURSUANT TO R. 3:22-12, THE PCR COURT SHOULD NOT HAVE FOUND DEFENDANT'S OUT-OF-TIME PCR PETITION TO BE TIME-BARRED.

POINT II.

DEFENDANT IS ENTITLED TO PCR BECAUSE TRIAL COUNSEL WAS INEFFECTIVE BY

FAILING TO FILE AND ARGUE A MOTION TO SUPPRESS EVIDENCE SEIZED FROM A CO-DEFENDANT'S VEHICLE PRIOR TO THE ISSUANCE OF A SEARCH WARRANT.

POINT III.

DEFENDANT IS ENTITLED TO PCR BECAUSE TRIAL COUNSEL FAILED TO CONDUCT INDEPENDENT DNA TESTING OF A HAIR SAMPLE FOUND ON A MASK SEIZED FROM A CO-DEFENDANT'S VEHICLE.

We review the legal conclusions of a PCR judge de novo. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). The de novo standard also applies to mixed questions of law and fact. Ibid. Where an evidentiary hearing has not been held, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court . . . ." Id. at 421. Having reviewed defendant's contentions in light of the facts and applicable law, we affirm substantially for the reasons set forth in Judge Flynn's comprehensive and well-reasoned decision.

We first address timeliness. Rule 3:22-12(a)(1) provides that "no petition shall be filed . . . more than [five] years after the date of the entry . . . of the judgment of conviction that is being challenged." The five-year time limitation runs from the date of the conviction or sentencing, whichever the defendant is

5

challenging.  State v. Milne, 178 N.J. 486, 491 (2004); State v. Goodwin, 173 N.J. 583, 594 (2002).

The time bar may be relaxed if the PCR petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice."  R. 3:22-12(a)(1)(A).

To establish excusable neglect, a defendant must demonstrate "more than simply providing a plausible explanation for a failure to file a timely PCR petition."  State v. Norman, 405 N.J. Super 149, 159 (App. Div. 2009).  In assessing whether a defendant has demonstrated excusable neglect, a court must weigh "the extent of the delay," "the purposes advanced by the five-year rule," "the nature of defendant's claim[,] and the potential harm . . . realized" by defendant.  State v. Murray, 162 N.J. 240, 251 (2000) (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).  Additionally, the court must weigh the "cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits."  Norman, 405 N.J. Super. at 159 (quoting State v. Afanador, 151 N.J. 41, 52(1997)).  "[A] misunderstanding of the meaning of . . . [Rule 3:22-12]

would not constitute 'excusable neglect.'" State v. Dugan, 289 N.J. Super. 15, 22 (App. Div. 1996).

Here, defendant filed his petition over twelve years after he was sentenced and offers no justification for filing well beyond the five-year deadline, other than he mistakenly believed a petition was not required until after he had exhausted his right to appellate review. As the PCR judge found, ignorance of the court rule does not constitute excusable neglect. We also agree with her determination defendant failed to demonstrate he would suffer a fundamental injustice if his petition were not considered.

Although the judge found defendant's petition time-barred, she nevertheless considered it on the merits and found it failed to establish grounds for relief. To succeed on a claim of ineffective assistance of counsel, a defendant must establish both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). First, a defendant must show that "counsel's performance was deficient." Strickland, 466 U.S. at 687. This requires demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

Ibid.  The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness."  Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight."  Id. at 689.  "Merely because a trial strategy fails does not mean that counsel was ineffective."  State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)).  Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[,]" and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'"  Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial[] . . . while ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt."  State v. Castagna, 187 N.J. 293, 314 (2006).

For the second prong of the <u>Strickland</u> test, "the defendant must show that the deficient performance prejudiced the defense." 466 U.S. at 687. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Ibid.</u>

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (1999). "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" <u>State v. Jones</u>, 219 N.J. 298, 312 (2014) (citations omitted) (quoting <u>State v. Porter</u>, 216 N.J. 343, 355 (2013)). Where a "court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR] . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted." <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997) (citations omitted); <u>see</u> <u>R.</u> 3:22-10(e)(1)-(2).

First, defendant argues counsel was ineffective for failing to file and argue a motion to suppress evidence seized from his co-defendant's car. Although defendant claims the search was warrantless, this contention is belied by the

9

record, which reflected his attorney filed a motion to suppress any evidence seized without a warrant.

In light of the foregoing, defendant failed to demonstrate his counsel's performance was so substandard that it deprived him of his Sixth Amendment right to counsel and accordingly, he has not met the first prong of <u>Strickland</u>. He also falls short of establishing the second prong of <u>Strickland</u> because he cannot show a motion to suppress would have been successful.

Defendant also argues counsel erred by not conducting independent DNA testing of a hair sample found on a mask seized from a co-defendant's car. Again, this contention lacks support in the record, which reflects the State's expert tested the hair sample and testified the DNA matched defendant. We agree with the PCR judge's determination defendant failed to present any credible evidence the hair sample from the mask would have matched another individual or that the State's testing, which was subject to cross-examination, was flawed. Defendant's bald assertion in an unsigned certification is insufficient to establish a claim.

Again, defendant failed to show counsel's performance was so substandard that it deprived him of his right to counsel or that the result of his proceeding would have been different if the DNA had been retested. Because

10

he failed to meet either prong of <u>Strickland</u> on either of his claims, the PCR judge did not err in denying an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3731-21