**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3082-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH K. GUMBS,

    Defendant-Appellant.

_____

Submitted April 17, 2024 – Decided November 22, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 11-09-0793.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

WALCOTT-HENDERSON, J.S.C. (temporarily assigned).

Defendant Kenneth Gumbs appeals from a September 28, 2021 order denying his second petition for post-conviction relief (PCR). In his second PCR petition, filed more than one year after his first petition had been denied, defendant argues the PCR court erred on both procedural and substantive grounds, asserting the PCR court: made no factual findings in support of its decision denying his petition; improperly denied his petition when he had established a prima facie case of ineffective assistance of counsel based on counsel's failure to advise him of his exposure to a mandatory extended-term sentence; and failed to investigate and challenge the search warrant executed at defendant's home. Defendant also argues the matter should be remanded for a hearing regarding his pro se allegations, which he argues were not properly developed in PCR counsel's supplemental brief or argument. We affirm.

I.

We previously affirmed defendant's conviction and sentence on direct appeal and assume the reader's familiarity with the facts supporting that opinion. State v. Gumbs, No. A-5148-12 (App. Div. July 20, 2015) (slip. op. at 3-8) (Gumbs I). We therefore briefly summarize the facts pertinent to deciding defendant's appeal of the denial of his second PCR petition.

On April 5, 2011, police officers effectuated a motor vehicle stop of defendant and informed him that he was under arrest and they had a warrant to search his residence. Officers advised defendant of his Miranda[1] rights, and defendant said there was crack cocaine, marijuana, a firearm and possibly bullets in various locations within the residence, which was a multi-family home defendant shared with his mother-in-law. Defendant's mother-in-law lived in the apartment located on the first floor of the home, and defendant lived upstairs with his girlfriend and child.[2] Defendant's mother-in-law was at home when police arrived. The police then searched the residence and found "crack-cocaine, a quantity of marijuana, two digital scales, a pipe, and a cutting straw, along with drug packaging baggies," and "a fully loaded 9mm handgun and $1,4000 dollars in cash."

Defendant was later convicted of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2) (count two); third-degree possession of CDS with intent

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] The briefs and transcript of the PCR hearing refer to defendant's mother-in-law as the person who resided in the multi-family home despite simultaneously stating that defendant lived with his girlfriend in the home.

to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(11) (count four); fourth-degree possession of a handgun without a permit, N.J.S.A. 2C:58-3(a) and N.J.S.A. 2C:39-10(a) (count six); and second-degree possession of a weapon while committing a CDS offense, N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:39-4.1 (count seven).[3]

The court sentenced defendant to an aggregate twenty-one-year term of incarceration with a ten-and-one-half-year period of parole ineligibility, which included a fifteen-year extended-term sentence on count two, the second-degree possession of CDS with intent to distribute charge. We affirmed defendant's conviction and sentence. Gumbs I, slip op. at 25. The Supreme Court denied defendant's petition for certification. State v. Gumbs, 224 N.J. 282 (2016).

On May 27, 2016, defendant filed his first pro se PCR petition asserting claims of ineffective assistance of his trial and appellate counsel. Defendant claimed his trial and appellate counsel were ineffective in several ways, including that both counsels failed to challenge the trial court's denial of his motion to suppress evidence. Defendant additionally asserted that trial counsel failed to: challenge what he asserted was a "wiretap violation"; move to reveal

---

[3] We do not make reference to counts three and five of the indictment because they were dismissed pre-trial.

A-3082-21

the identity of the confidential informant to which references were made in the affidavit supporting the issuance of the search warrant; call witnesses in his favor; object to "one of the prosecutor['s] main witnesses" and to "other crime evidence"; object to testimony of witnesses during the Miranda hearing; establish that the State had violated State v. Brimage[4] by failing to make a pre-indictment plea offer; and "investigate these claims." Further, defendant asserted appellate counsel failed to challenge the denial of his motion for recusal of the trial judge and failed to raise constitutional issues.

The PCR court denied defendant's first PCR petition in an order and opinion dated December 30, 2016. Defendant appealed, and we affirmed the PCR court's order. State v. Gumbs, No. A-2751-16 (App. Div. May 24, 2018) (slip op. at 16) (Gumbs II). The Supreme Court denied his petition for certification on December 13, 2018. State v. Gumbs, 236 N.J. 227 (2018).

On January 13, 2019, more than two years after the court had entered the order denying his first PCR petition, defendant filed his second pro se PCR petition, raising eight issues. On June 11, 2019, the PCR court dismissed the petition as untimely under Rule 3:22-4(b). Defendant moved to reinstate the

---

[4] State v. Brimage, 153 N.J. 1 (1998).

PCR petition, claiming he had been "precluded from filing a [s]econd PCR application while [his] appeal was pending in the Appellate Division."

The PCR court granted defendant's motion and reinstated the second pro se PCR petition. Thereafter, assigned counsel filed a brief supplementing and incorporating defendant's pro se arguments. Additionally, assigned counsel argued defendant's second PCR petition was timely, ineffective assistance of defense and trial counsel, and an evidentiary hearing was required.

On September 28, 2021, the court held oral argument via the Zoom virtual platform on defendant's second PCR petition. Defendant argued trial counsel had failed to "fully inform" him of his exposure to an extended-term sentence if convicted of the charges in the indictment, arguing that the extended-term sentence he received amounted to approximately twice as much time as had been offered in the State's plea-bargain offer. Defendant also asserted that trial counsel had not conducted a proper investigation, which would have revealed the search was unlawful because the police did not show his mother-in-law the search warrant or obtain her consent to search his apartment before conducting the search.

Following oral argument, the PCR court first addressed the timeliness of the PCR petition, noting it had previously dismissed the petition on timeliness

6

grounds and then had reinstated it following defendant's motion for reinstatement. The court explained it had again revisited the issue and "based upon the . . . requirements for filing a second PCR, [defendant] is outside the required period, specifically more than one year since his first PCR was denied." The court therefore determined the petition was untimely because it "was filed more than a year" after the December 30, 2016 order denying the first PCR petition. The court explained that December 30, 2017, was defendant's "latest filing date for a second PCR" and defendant's second petition had not been filed until January 13, 2019.

Addressing defendant's substantive arguments that trial counsel's representation was deficient, the PCR court noted the issues raised in the second PCR petition had been adjudicated in the first PCR petition, stating the ineffective assistance of counsel claims "all are made regarding trial counsel. And those claims have already been litigated . . . . Again, you can't go back and relitigate things that were properly litigated either on appeal or on the first PCR, as they were." The court rejected defendant's claim trial counsel was ineffective by failing to inform him that he could be subject to an extended-term sentence, noting defendant's exposure to the extended-term sentence was addressed at his pre-trial conference, defendant signed the pretrial memorandum that referred to

7

his exposure to an extended-term sentence, and the transcript of the motion to suppress hearing on the evidence seized during the search of defendant's apartment show that he was fully informed of his exposure to an extended-term sentence.

Regarding defendant's claim trial counsel had failed to challenge the officers' service of the search warrant when it was executed and the validity of the search warrant, the PCR court explained "you can't go back and relitigate things that were properly litigated either on appeal or [i]n the first PCR . . . ." The court further explained that "everything that was found, was pursuant to a search warrant, which had been obtained as a result of [wiretap] information. And it was a search warrant for the proper second floor unit, where he lived. It didn't require the consent of his mother-in-law . . . ."

At that point in the hearing, counsel for the State commented that there was a problem with the virtual proceeding as everyone appeared to be "frozen," prompting court staff to intervene in an effort to resolve the technical difficulties. The court advised counsel that no further argument on the subject was necessary, stating "[t]he issues are remarkably clear."

The court also advised the parties that it had been made aware of a possible county or state-wide internet interruption. The court then stated "we can wait a

little while and see what happens. If it doesn't come back on soon, probably what I'll do is do a brief memorandum attached to an order." Near the end of the proceeding, the court again stated, "I am denying the petition for the record. But I will send a memorandum of the decision and for that reason, I'll indicate that the time to appeal the petition wouldn't begin until I issue the written memorandum." Thereafter, the motion hearing concluded with the parties expressing thanks to the court.

Later that same day, the PCR court entered an order denying defendant's second PCR petition. The order stated the petition was denied "for the reasons set forth in the record . . . on September 28, 2021." The court did not provide a separate written memorandum with the denial order. This appeal followed.

POINT I

NO REASONS WERE PROVIDED BY THE PCR JUDGE FOR DENYING DEFENDANT'S CLAIMS.

POINT II

BECAUSE A PRIMA FACIE CASE WAS MADE THAT DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.

A. Legal Standards Governing Applications For Post-Conviction Relief.

9

B. Counsel Below Was Ineffective in Failing to Advise Defendant of his Exposure to a Mandatory Extended Term and in Failing to Investigate and Thereafter Appropriately Challenge the Search Warrant.

POINT III

THE MATTER SHOULD BE REMANDED FOR A PCR HEARING REGARDING DEFENDANT'S PRO SE ALLEGATIONS WHICH WERE NOT PROPERLY DEVELOPED IN PCR COUNSEL'S SUPPORTING BRIEF OR ARGUMENT. (Not Raised Below)

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421.

In Strickland v. Washington, the United States Supreme Court established a two-part standard to determine a claim that a defendant is entitled to PCR because the defendant had been deprived of the effective assistance of counsel. 466 U.S. 668, 687 (1984). Under Strickland's first prong, a petitioner must show counsel's performance was deficient by demonstrating counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel

made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Id. at 687-88.

Under the "'second, and far more difficult prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense," State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "'is an exacting standard.'" Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693). "[C]ourts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without

determining whether counsel's performance was constitutionally deficient."

State v. Gaitan, 209 N.J. 339, 350 (2012).

When a petitioner files a second or subsequent PCR petition, they must meet the requirements set forth in Rule 3:22-4. Rule 3:22-4(b)(1) requires dismissal of a second PCR petition unless:

> (1) it is timely under [Rule] 3:22-12(a)(2); and (2) it alleges on its face either:
>
> > (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
> >
> > (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
> >
> > (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.
>
> [R. 3:22-4(b).]

Under Rule 3:22-12(a)(2), no second or subsequent petition for PCR, "[n]otwithstanding any other provision in [Rule 3:22-12], . . . shall be filed more than one year after the latest of":

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2)(A) to (C).]

We are persuaded defendant's second petition was untimely and, thus, the court did not err in denying the petition on that basis alone. There is no dispute that defendant filed his first PCR petition on May 27, 2016, resulting in entry of a December 30, 2016 order denying the petition. As the PCR court correctly determined, defendant was therefore required under Rule 3:22-12(a)(2) to file

13

his second PCR petition within one year of that date. As noted, defendant did not file the second PCR petition until January 13, 2019.

Defendant maintains that his second PCR petition could not have been filed any earlier because the appeal from the denial of his first PCR petition was still pending appeal. See generally R. 3:22-3. This argument, however, has no support in the law. As the Supreme Court noted in State v. Murray, 162 N.J. 240, 249 (2000), the Rule 3:22-12 time bars are "generally neither stayed nor tolled by an appellate or other proceeding." See also State v. Dugan, 289 N.J. Super. 15, 19 (App. Div. 1996); State v. Dillard, 208 N.J. Super. 722, 727 (App. Div. 1986). Moreover, Rule 3:22-12(a)(2)'s time limits "cannot be relaxed by invoking Rule 1:1-2 or Rule 3:22-12(a)(1), because the Supreme Court in 2009 and 2010 amended Rule 1:3-4, Rule 3:22-4(b), and Rule 3:22-12 to preclude enlargement or relaxation." State v. Jackson, 454 N.J. Super. 284, 287 (App. Div. 2018).

Accordingly, the second PCR petition was untimely under Rule 3:22-12(a)(2), and, for that reason alone the PCR court properly dismissed defendant's second petition under Rule 3:22-4(b)(1).

II.

Although unnecessary to our affirmance of the court's order dismissing the petition, we briefly address defendant's substantive claims of ineffective assistance of trial counsel. Defendant argues that counsel failed to "effectively handle plea negotiations" and advise him of his "penal exposure, including the extended mandatory sentence," failed to fully investigate his case and to "realize that the police searched the home without the consent of the occupant" and that the police never showed the warrant to his mother-in-law who lived in the same multi-family home, but in a separate apartment. He maintains that "only through an evidentiary hearing can trial counsel be questioned . . . regarding [his] understanding of accepting and not accepting the plea offer . . . ."

The PCR court noted that the record is replete with the efforts trial counsel had made to inform defendant of his exposure should he chose to go to trial, referring to the fact that certain counts in the indictment "were mandatorily consecutive [to] others upon conviction at trial . . . ." The court explained that although he "could have forgotten that he even attended a pre-trial conference, his signature is on the pre-trial memorandum." Further, the court correctly noted "you can't go back and relitigate things that were properly litigated either on appeal or on the first PCR, as they were." See State v. Marshall, 173 N.J. 343,

15

351 (2002) (explaining Rule 3:22-5 precludes "consideration of an argument presented in [a PCR] proceeding . . . if the issue is identical or substantially equivalent to that adjudicated previously on appeal") (citations omitted). We agree.

We previously rejected defendant's argument trial counsel's representation was deficient because counsel failed to properly advise him of the State's plea offer and failed to challenge the search warrant in our affirmance of the court's denial of defendant's first PCR petition. Gumbs II, slip op. at 16. Notably, defendant in his brief, addressing the search warrant issue, acknowledged the issue had been previously litigated on direct appeal and in the first PCR proceeding.

Even though defendant acknowledged our prior ruling on his claims regarding counsel's failure to challenge the search warrant, a review of our prior decision makes clear that we also addressed his claim counsel's representation was deficient concerning the State's plea offer. Thus, we reject defendant's claim the court erred by denying his second PCR petition because Rule 3:22-5 bars re-litigation of both claims. Marshall, 173 N.J. at 351.

Defendant next argues the court erred by denying his second PCR petition without making any actual findings in support of its decision despite stating on

the record that it would issue a memorandum with its findings at a later time. He asserts that an evidentiary hearing or a remand to the PCR court for a written statement of its findings of fact and conclusions of law is warranted.

The State does not dispute that the PCR court did not issue a written memorandum along with its order denying the petition but asserts that the transcript of the PCR hearing "indicates the reasoning of the PCR court's decision" and that we should "take the entire record into consideration and deny defendant's appeal." The State maintains that irrespective of the court's failure to author a written memorandum or opinion, defendant's second PCR petition is time-barred.

Rule 3:22-11 provides that "[i]n making final determination upon a petition, the court shall state separately its findings of fact and conclusions of law, and shall enter a judgment, which shall include an appropriate order . . . ." Applying this rule, we discern no error by the PCR court in issuing an oral rather than a written decision denying defendant's motion. See State v. Drisco, 355 N.J. Super. 283, 287 (App. Div. 2002) (affirming a PCR court's denial of defendant's petition in a thorough oral decision).

Here, the record shows that after some technical difficulties arose during the hearing, the court stated, "[i]f it doesn't come back on soon, probably what

17

I will do is do a brief memorandum attached to an order." The record also shows that by the time counsel for the State raised a concern about the virtual proceeding, the court had completed its ruling on the untimeliness of defendant's petition. The record further confirms that the PCR court made factual findings concerning the timing of the defendant's first and second PCR petitions and supported its decision by stating its findings and legal conclusions, before turning to address the merits of defendant's claims. The court's oral decision therefore thoroughly addressed the timeliness of defendant's second PCR.

As to whether the court erred by not filing a memorandum addressing the merits of defendant's claims, we note that the PCR court explained that it had concluded defendant had raised these same arguments in his first PCR petition. And, although brief, the court further found that because the claims had been previously litigated, defendant is barred under Rule 3:22-5 from relitigating those same claims in his second PCR petition. In our view, the court's oral decision was therefore more than sufficient to explain the basis for its rejection of the claims. And, in any event, the court had previously determined the petition was untimely.

Moreover, we are satisfied that there is no legal requirement that the court provide a written memorandum supporting its decision on a PCR petition, as

argued by defendant. Rule 3:22-11 has no such mandate. All that is required is that the court "in making final determination upon a petition, . . . state separately its findings of fact and conclusions of law." Here, the court stated its findings and conclusions of law in support of its determination defendant's petition was untimely and properly denied the petition on that basis.

Additionally, defendant's argument that he is entitled to an evidentiary hearing on his petition, including to address his pro se allegations that were not "properly developed" by PCR counsel is unavailing.

The pertinent rule states:

> A defendant [is] entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.
>
> [R. 3:22-10(b).]

Because defendant failed to establish a prima facie case of ineffective assistance of counsel under Strickland, no evidentiary hearing was warranted. See Marshall, 148 N.J. at 158. Moreover, PCR counsel incorporated defendant's pro se arguments in the supplemental brief, which stated, "this submitted brief

19                                                                    A-3082-21

hereby supplements and incorporates [d]efendant's second pro se petition for PCR," as permitted under Rule 3:22-6(d).

To the extent we have not specifically addressed any of defendant's arguments, it is because we have determined they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

20

A-3082-21