**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1315-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DEAN S. LEE, a/k/a
SCOTT PAYTON,
PAYTON SCOTT,
DEAN S. SCOTT,
and SCOTT DEAN,

    Defendant-Appellant.

_____

        Submitted May 29, 2025 – Decided July 14, 2025

        Before Judges Rose and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 01-05-1497.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

        Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Dean S. Lee appeals from a February 13, 2023 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because the petition was untimely and otherwise lacked merit.

I.

The facts underlying defendant's convictions are straightforward and discussed at length in our prior unpublished opinion affirming his convictions and remanding for resentencing. State v. Lee, No. A-3770-04 (App. Div. May 10, 2007) (slip op. at 2-10). The procedural history that followed was atypical. We summarize the facts and events that are pertinent to this appeal.

In 2004, a bifurcated jury first convicted defendant of murder and related weapons offenses for the shooting death of Santiago Peralta following a botched drug deal. The same jury thereafter convicted defendant of certain persons not to have weapons. At the homicide trial, the State presented the testimony of an expert in narcotics distribution who explained the division of labor among drug sets. During summation, the prosecutor argued defendant was the "enforcer" for his drug set and shot Peralta for "shorting" the set's dealer. Defendant testified and called several witnesses to support his alibi defense.

2

On April 8, 2004, defendant was sentenced to an aggregate prison term of sixty-four years with a thirty-three-year parole disqualifier. On direct appeal, we remanded for merger of defendant's possession of a weapon for an unlawful purpose conviction with his murder conviction. Id. at 20-21. We also ordered resentencing on his certain persons conviction. Ibid. The Supreme Court denied certification. State v. Lee, 192 N.J. 294 (2007). For reasons that are not clear from the record, defendant was not resentenced as directed.

On May 22, 2008, defendant filed a timely PCR petition asserting ineffective assistance of trial counsel for failure to call an alibi witness. Neither the parties nor the PCR judge, who had presided over defendant's trials, addressed defendant's resentencing. The judge denied PCR on August 31, 2010, and we affirmed. State v. Lee, No. A-1728-11 (App. Div. July 25, 2014) (slip. op. at 1). In our July 25, 2014 decision, we noted the parties did not include a copy of the judgment of conviction in their appellate submissions. Id. at 2. We "assume[d] from the absence of any comment on the subject in either brief, that on some unspecified date after the remand defendant's original aggregate sentence . . . was reimposed." Ibid. The Court denied certification. State v. Lee, 221 N.J. 219 (2015).

In 2016, defendant filed a petition for habeas relief in the United States District Court for the District of New Jersey, but his petition was dismissed on administrative grounds, Lee v. Johnson, No. 16-0477, 2016 U.S. Dist. LEXIS 11858, at *1-2 (D.N.J. Feb. 2, 2016), and ultimately reinstated on defendant's motion, Lee v. Johnson, No. 16-0477, 2016 U.S. Dist. LEXIS 40116, at *7 (D.N.J. Mar. 28, 2016). On September 28, 2018, the district court stayed defendant's petition conditioned upon exhaustion of his state court remedies within forty-five days. Lee v. Johnson, No. 16-477, 2018 U.S. Dist. LEXIS 167696, at *3 (D.N.J. Sept. 28, 2018).

On February 8, 2019,[1] defendant, pro se, filed an untimely second PCR petition asserting ineffective assistance of trial counsel, PCR counsel, and appellate counsel. He also sought appointment of counsel.

On June 18, 2019, the second PCR judge dismissed defendant's petition as untimely under Rule 3:22-12(a)(2), and denied defendant's request for appointment of counsel. The judge denied defendant's ensuing motion to reinstate the petition without issuing a statement of reasons. On October 18, 2019, the judge sua sponte vacated the order, reinstated defendant's second PCR

---

[1] In his decision, the second PCR judge noted defendant filed the petition on October 30, 2018. The petition is dated October 30, 2018 but stamped filed on February 8, 2019.

A-1315-23

petition, and scheduled a return date on the motion. The parties did not appear and the motion was not decided.

On June 14, 2022, the second PCR judge sua sponte reinstated defendant's second PCR petition and afforded the parties an opportunity to file briefs addressing the timeliness and merits of the petition. In his brief, defendant argued he was denied a fair trial because, during summation, the prosecutor referred to him as a drug enforcer and liar. He further claimed PCR counsel was ineffective for failing to raise trial counsel's failure to retain certain expert witnesses. Lastly, defendant argued trial counsel failed to retain an investigator to support his alibi defense.

During argument on defendant's petition, second PCR counsel[2] clarified defendant's claim regarding the prosecutor's summation comments was an ineffective assistance of counsel claim. Second PCR counsel argued first PCR counsel should have asserted trial counsel was ineffective for failing to object to the comments. The judge acknowledged the State addressed the claim accordingly and, as such, was not prejudiced by defendant's argument.

---

[2] We glean from the record second PCR counsel was appointed prior to oral argument.

 A-1315-23

On February 13, 2023, the judge issued a written decision denying defendant's second PCR petition. The judge found defendant's second petition was untimely filed because it was filed more than eight years after the denial of his first PCR and therefore dismissed the petition pursuant to Rule 3:22-12. Further, the judge found defendant's claim regarding the prosecutor's summation remarks was barred by Rule 3:22-4(a) because this issue "could easily have been raised in any prior proceeding."

Notwithstanding the procedural bar, the judge considered the merits of defendant's arguments. The judge found the prosecutor's remarks were proper commentary on the drug expert's testimony presented at trial. Overall, the judge found defendant could not establish prosecutorial misconduct "so egregious as to deprive him of a fair trial." The judge also found defendant's claim that trial counsel was ineffective for failing to retain certain expert witnesses was unsupported by "a proffer of what these proposed experts would have opined, nor what any defense witness would have said."

Ultimately, the judge dismissed the petition as untimely and denied it as lacking merit. The judge found "defendant presented no competent evidence demonstrating" ineffective assistance of counsel and "there were no errors capable of prejudicing defendant individually or taken together." Because

6

defendant did not establish a prima facie case of ineffectiveness, the judge concluded defendant was not entitled to an evidentiary hearing.

On July 28, 2023, the present PCR judge resentenced defendant to an aggregate prison term of sixty-two years with a thirty-three-year parole disqualifier after ordering the appropriate merger.  Defendant appealed from the sentence imposed, and we heard the matter on a sentencing calendar pursuant to Rule 2:9-11.  We vacated defendant's sentence and remanded for resentencing following issuance of an updated presentence report.  State v. Lee, No. A-2284-23 (App. Div. Dec. 4, 2024).  To date, defendant has not been resentenced.[3]

On appeal, defendant reprises the following arguments for our consideration:

POINT I

> THE PROCEDURAL BAR OF RULE 3:22-12 SHOULD BE RELAXED WHERE THE NEED FOR FINALITY AND CERTAINTY OF JUDGMENT IS NOT COMPELLING AND DEFENSE COUNSEL'S INEFFECTIVENESS PREJUDICED DEFENDANT'S RIGHT TO A FAIR TRIAL.

---

[3] Pursuant to an inquiry by the Appellate Division's Clerk's Office, resentencing is scheduled for August 8, 2025.

POINT TWO

THE PROCEDURAL BAR OF <u>RULE</u> 3:22-4(a) DOES NOT APPLY OR SHOULD BE RELAXED BECAUSE DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL WAS FRUSTRATED BY THE ASSISTANT PROSECUTOR'S REFERENCES TO HIM AS "THE ENFORCER" OF AN ALL[E]GED "DRUG SET."

POINT THREE

THE PCR JUDGE ERRED WHERE THE COURT DETERMINED THAT AN EVIDENTIARY HEARING WAS NOT WARRANTED WHERE DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL WAS INFRINGED BY THE ASSISTANT PROSECUTOR'S DRUG-RELATED COMMENTS IN A NON-DRUG TRIAL.

POINT FOUR

DEFENDANT'S REMAINING CLAIMS RELATING TO HIS TRIAL ATTORNEY'S FAILURE TO RETAIN CERTAIN EX[P]ERT WITNESSES SHOULD NOT HAVE BEEN DISPOSED OF WITHOUT AN EVIDENTIARY HEARING.

A. The PCR judge erred where the court determined that defendant did not proffer what a proposed cellular telephone data expert would have opined.

B. The PCR judge erred where the court determined that <u>Rule</u> 3:22-12 acts as a procedural bar to defendant's assertion for the need to call expert witnesses.

In his reply brief, defendant asserts the following point:

FEDERAL HABEAS REVIEW MAY IN CERTAIN CIRCUMSTANCES EXTEND THE TIME FRAME

8

WITHIN WHICH TO FILE A PCR PETITION IN STATE COURT.

## II.

Our analysis of the issues raised on appeal is guided by a review of the relevant provisions of the two court rules that explicitly apply to a second or subsequent PCR. Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. The Rule compels dismissal of a subsequent PCR petition unless the defendant can satisfy the time requirement under Rule 3:22-12(a)(2), and alleges the following grounds for relief:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

A-1315-23

[<u>R.</u> 3:22-4(b).]

In turn, <u>Rule</u> 3:22-12(a)(2) imposes a time limitation for subsequent PCR petitions. Under the <u>Rule</u>, a second or subsequent petition for PCR must be filed within one year after the latest of:

> (A)  the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B)  the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C)  the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [<u>R.</u> 3:22-12(a)(2).]

A 2009 amendment to the <u>Rule</u> makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. <u>See</u> <u>R.</u> 3:22-12(b); <u>State v. Jackson</u>, 454 N.J. Super. 284, 293 (App. Div. 2018); <u>see also</u> <u>R.</u> 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under <u>Rule</u> 3:22-12). Our courts have uniformly held that

A-1315-23

appellate review does not toll the five-year time bar in <u>Rule</u> 3:22-12, <u>State v. Dillard</u>, 208 N.J. Super. 722, 727 (App. Div. 1986), nor is the time bar extended when appellate proceedings result in a remand, <u>State v. Dugan</u>, 289 N.J. Super. 15, 20-21 (App. Div. 1996). Moreover, in <u>State v. Brown</u>, we held:

> [W]hen a first PCR petition shows it was filed more than five years after the date of entry of the judgment of conviction, . . . a PCR judge has an independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to <u>Rule</u> 3:22-12. Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim.
>
> [455 N.J. Super. 460, 470 (App. Div. 2018).]

We discern no reason why that duty would not apply to the PCR court's consideration of a second or subsequent PCR petition, especially because the time bar is non-relaxable. Indeed, application of these rules makes plain defendant's second PCR petition was procedurally barred as his petition was filed well beyond the one-year time requirement embodied in <u>Rule</u> 3:22-12(a)(2). As such, the PCR judge properly dismissed his petition.

Because the PCR judge recognized the procedural bar and nonetheless considered the merits of defendant's contentions in view of the seminal

11

Strickland/Fritz[4] standard, we have likewise done so and conclude those contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons articulated by the PCR judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

---

[4] Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the standard in New Jersey).

A-1315-23