**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0541-24

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DERRICK ROUNDTREE,

     Defendant-Appellant.

_____

Submitted January 6, 2026 – Decided January 16, 2026

Before Judges Gooden Brown and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 95-05-1720.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Shep A. Gerszberg, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Derrick Roundtree appeals from a September 17, 2024 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He raises the following points for our consideration:

POINT I

THE PCR COURT ERRED IN DENYING . . . DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING TO EVALUATE HIS CLAIM THAT [PLEA] COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE (1) FAILED TO FILE A WADE[1] MOTION; (2) DID NOT REVIEW THE DISCOVERY WITH . . . DEFENDANT[;] AND (3) PRESSURED . . . DEFENDANT TO ACCEPT THE STATE'S PLEA OFFER.

A. THE STRICKLAND/FRITZ[2] STANDARD.

B. [PLEA] COUNSEL WAS INEFFECTIVE BY FAILING TO FILE A WADE MOTION.

C. [PLEA] COUNSEL WAS INEFFECTIVE BY FAILING TO REVIEW THE DISCOVERY WITH . . . DEFENDANT AND PRESSURING HIM IN TO ACCEPTING THE STATE'S PLEA OFFER.

POINT II

THE PCR COURT ERRED BY NOT CONDUCTING AN EVIDENTIARY HEARING.

---

[1] United States v. Wade, 388 U.S. 218 (1967).

[2] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-0541-24

THE PCR COURT ERRED BY FINDING THAT . . .
DEFENDANT WAS PROCEDURALLY TIME-
BARRED FROM SEEKING [PCR].

Because the petition was untimely and defendant failed to demonstrate exceptional circumstances warranting relaxation of the five-year time bar under Rule 3:22-12(a)(1), we affirm.

The facts underlying defendant's 1996 convictions are straightforward and not pertinent to our resolution of the issues raised on this appeal. We summarize, instead, the procedural history underscoring defendant's belated PCR petition from the limited record before the PCR court. In particular, the record does not include the plea and sentencing transcripts because they were destroyed pursuant to the Judiciary's retention schedule.

In April 1995, defendant was charged in a four-count Essex County indictment with: first-degree robbery, N.J.S.A. 2C:15-1; fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4); third-degree unlawful possession of a firearm, N.J.S.A. 2C:39-5(b); and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a). The charges arose from a March 16, 1995 incident at an apartment in East Orange. The victim claimed defendant,

whom he met for the first time about three hours earlier, robbed him then pointed a gun at him when he attempted to flee.

In October 1995, defendant pled guilty to third-degree theft, N.J.S.A. 2C:20-3, as amended from a first-degree Graves Act, N.J.S.A. 2C:43-6(c), robbery charge. According to the terms of the negotiated plea agreement, the State agreed to recommend a probationary term conditioned upon defendant's serving a 364-day jail term and refraining from contact with the victim. The State also recommended dismissal of the remaining counts of the indictment and resisting arrest, N.J.S.A. 2C:29-2(a)(1), a disorderly persons offense charged in a complaint-warrant.

According to the plea form, defendant answered, "NO" to Question 21, "[h]ave any promises . . . or any threats[] been made . . . to cause you to plead guilty?" and "YES" to Question 23, "[a]re you satisfied with the advice you have received from your lawyer?"

In April 1996, defendant was sentenced within the terms of the plea agreement to a three-year probationary term and time served. Defendant did not file a direct appeal.

While on probation, defendant was arrested for his part in a carjacking incident. In November 1996, a jury convicted defendant for first-degree

A-0541-24

carjacking as an accomplice, N.J.S.A. 2C:15-2, :2-6, and related weapons offenses. In December 1996, defendant was sentenced to an aggregate fifty-year prison term on those convictions.[3] As a result, in May 1997, the trial court terminated defendant's probationary term for his theft conviction.

In January 2000, defendant filed a timely PCR petition only regarding his carjacking convictions. He also filed subsequent PCR petitions in November 2012 and August 2018 regarding those convictions.

Two decades later, on May 9, 2023, defendant filed a self-represented PCR petition regarding the present 1996 theft conviction. Defendant asserted plea counsel rendered ineffective assistance, summarily stating: "During the plea, I ple[]d guilty under duress. I meet the criteria to file beyond the five[-]year time [b]ar due to excusable neglect."

In January 2024, defendant's assigned PCR counsel filed a brief arguing defendant's plea counsel was ineffective for: "fail[ing] to file a <u>Wade</u> motion to suppress the impermissibly suggestive identification procedure utilized to identify . . . defendant"; "failing to review discovery in the case with defendant

---

[3] The judgment of conviction for the carjacking offenses was not provided on appeal. We glean the disposition from the PCR court's written decision in the present matter.

A-0541-24

and prepare for trial"; and "improperly pressuring . . . defendant into pleading guilty."

PCR counsel further argued defendant's claims were not procedurally barred under Rules 3:22-4, 3:22-5, and 3:22-12. He contended: defendant's ineffective assistance of counsel claims "could not reasonably have been raised either at the trial level or on direct appeal"; "none of the issues raised [were] adjudicated previously"; and defendant established excusable neglect to overcome the late filing because "he was never advised of his right to file a PCR [petition]."

On February 1, 2024, with the assistance of assigned counsel, defendant filed an amended verified petition stating he "ha[d] not filed any previous petitions for [PCR]." On the same date, defendant, through counsel, also filed a supplemental certification asserting plea counsel refused his direction to "file[] a motion to challenge [his] identification, which [defendant] believe[d] was improper and suggestive." Defendant further claimed plea counsel failed to provide and review discovery with him, and "pressured [him] to take a [guilty] plea, even though [defendant] told him [he] was innocent of the charges." Defendant asserted he was "not guilty of the charges in this indictment and only

6

took the plea offer because [his] attorney placed [him] in duress."  Defendant sought reversal of his conviction and "new trials on the relevant charges."

Following oral argument on defendant's petition, the PCR judge, who neither entered defendant's guilty plea nor imposed sentence, reserved decision. On September 17, 2024, the court issued a written opinion and order denying defendant's petition without an evidentiary hearing.

In its decision, the court first addressed the merits of defendant's claims. Regarding defendant's argument that plea counsel failed to challenge the victim's identification, the court found defendant failed to demonstrate the identification procedure was suggestive or "articulate any specifics as to why or on what grounds the [Wade] motion would have been granted."

Similarly, the PCR court rejected, as conclusory, defendant's claim that plea counsel failed to "review the discovery with him prior to entering his guilty plea."  The court noted defendant cited "no facts, certifications, or corroborating evidence to support this claim."  Conversely, the court found the plea form reflected defendant "understood and signed the plea form, indicated that he understood the charges, understood the consequences of pleading guilty, was satisfied with the advice he received from his lawyer[,] and had no questions regarding the [guilty] plea."

The PCR court further found defendant's petition was procedurally barred as untimely as it was filed "twenty-seven years after his first conviction" and "twenty-two years after the time to timely file had lapsed." The court was unpersuaded defendant's alleged lack of knowledge of his right to file a PCR petition constituted excusable neglect. Noting defendant "timely filed a petition in another case where he was sentenced in the same year" as his conviction in this matter, the court rejected defendant's assertion "that he was unaware of his PCR rights." The court also found granting defendant PCR "would cause significant prejudice to the State," because "[i]n accordance with the State's retention schedule, the files for this case have been purged or destroyed."

Concluding defendant failed to present a prima facie claim for PCR, the court denied his request for an evidentiary hearing. This appeal followed.

"We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023). However, when a PCR judge does not hold an evidentiary hearing, we review de novo the factual inferences drawn by the judge from the record and the judge's legal conclusions. See State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

8

Rule 3:22-12(a)(1) provides a PCR petition shall not be filed "more than 5 years after the date of entry . . . of the judgment of conviction that is being challenged" unless the defendant "alleges facts showing that the delay . . . was due to [the] defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice." In State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018), we recognized the PCR court's "independent, non-delegable duty to question the timeliness of the petition, and to require that defendant submit competent evidence to satisfy the standards for relaxing the rule's time restrictions pursuant to Rule 3:22-12."

"In the context of [PCR], a court should only relax the bar of Rule 3:22-12 under exceptional circumstances." State v. Afanador, 151 N.J. 41, 52, (1997). "The court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Ibid. (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). "Absent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim." Brown, 455 N.J. Super. at 470.

A substantial delay in filing a PCR petition increases the already substantial burden on the defendant to demonstrate excusable neglect and a fundamental injustice will result if the petition is not heard. See Afanador, 151 N.J. at 52 (holding "the burden to justify filing a petition after the five-year period will increase with the extent of the delay"). A defendant's lack of sophistication in the law does not establish excusable neglect. State v. Murray, 162 N.J. 240, 246 (2000).

Citing his supplemental PCR petition, defendant maintains "he was not aware that he could file for [PCR] in this case"; "he was not informed about his PCR rights at the time of his plea or sentencing"; and "[w]hen he became aware of his PCR rights," he "immediately filed his petition." Absent from defendant's sworn statements in support of his petition is any indication when and how he realized he could file a PCR petition in this matter. Instead, as the PCR court correctly found, defendant's contention is undercut by his timely filing for PCR in his carjacking matter.

Regardless, the parties have not cited, and our independent research has not revealed, any authority concluding a petitioner satisfied excusable neglect where he or she was not advised of the right to PCR relief at sentencing. As the PCR court recognized, ignorance of the legal principles does not constitute

10

excusable neglect. See Murray, 162 N.J. at 246; see also State v. Dugan, 289 N.J. Super. 15, 22 (App. Div. 1996) (holding the defendant's misunderstanding "that Rule 3:22-12 gave him five years after entry of the amended judgments of conviction to file his petition" did not constitute excusable neglect).

Moreover, when defendant was sentenced in 1996, the trial court was not required to advise of the right to PCR. See Pressler & Verniero, Current N.J. Court Rules, History and Analysis of Rule Amendments to R. 3:21-4(i), note 9, www.gannlaw.com (2026).[4] We therefore conclude, as did the PCR court, defendant's ignorance of the time limitation for filing a PCR petition did not

---

[4] As the comment to paragraph (i) explains:

> This paragraph of the rule was amended effective September 2009 as part of the overall revisions of the post-conviction rules then adopted. The amendment, which included amendment of the caption, requires the court to advise the defendant not only of the right to appeal but also of the time limits imposed by R[ule] 3:22-12 for filing a petition for [PCR]. The significance of that advice results from the 2009 amendment of R[ule] 1:3-4(c) adding the time limits of R[ule] 3:22-12 as non-enlargeable. It remains to case law to determine if failure of the required advice will toll the running of those time limits.
>
> [(Emphasis added).]

constitute an exceptional circumstance warranting relaxation of the time requirements under Rule 3:22-12(a)(1).

Because we conclude defendant failed to establish exceptional circumstances excusing his untimely petition, we need not reach his substantive claims. See Brown, 455 N.J. Super. at 470. Indeed, pursuant to our decision in Brown, because the PCR court determined defendant failed to establish exceptional circumstances, the court lacked "authority to review the merits of [his] claim." See ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-0541-24